Bowen *et al. v.* Eichel.

Filed October 1st, 1883.

---

No. 9092.

BOWEN ET AL. *v.* EICHEL.

BANKRUPTCY.—*Discharge.*—*Judgment.*—*Injunction.*—A discharge in bankruptcy does not affect the judgment of a State court, rendered against the

defendant in an action pending at the time of the adjudication, but rendered after he was adjudged a bankrupt (the pendency of the proceedings in bankruptcy not being interposed), and its collection can not be enjoined.

From the Superior Court of Vanderburg county.

*A. Iglehart, J. E. Iglehart* and *E. Taylor,* for appellants.

*J. M. Shackelford* and *R. D. Richardson,* for appellee.

ELLIOTT, J.—It is alleged in the complaint of the appellee, that on the 4th day of March, 1878, the appellants instituted an action against him in the Superior Court of Vanderburg county, and on the 15th day of that month obtained judgment against him; that on the 11th day of the same month he was adjudged a bankrupt under the general law of the United States, and on the 13th day of August, 1878, obtained a discharge. The relief sought is an injunction restraining the collection of the judgment obtained by the appellants. A demurrer to this complaint was overruled and exception reserved. The answer of the appellants avers that there was due service of summons in the action instituted by them; that all the proceedings were regular; that they never filed any claim against the estate of the appellee, but relied entirely on their judgment.

The controlling question in this case is: Whether the appellee, having failed to defend the action instituted against him, is entitled to the benefit of the discharge awarded him in the bankruptcy proceedings?

There is much conflict in the cases, but we are inclined to think that the view that the defendant must interpose the proceedings in bankruptcy as a defence to the action prosecuted against him in the State court, is the only one that can be sustained on principle.

It is quite clear that the State courts have full jurisdiction, and, unless some barrier is interposed, may carry the cause to judgment, and if the defendant desires to change or impede the ordinary course of procedure, he must bring the proceedings in bankruptcy to the attention of the State court and secure a stay of proceedings. That he has a right to do this can not be seri-

ously questioned. Blumenstiel Bankruptcy, 482. One who has a defence, and full opportunity to avail himself of it, must make it or he can not afterwards assail the judgment. If he neglects to make good the benefit of his day in court, he is guilty of such laches as renders his appeal for judicial aid unavailing. The question we have in hand was decided as we now decide it, in *Steadman* v. *Lee*, 61 Ga. 58. The court there said: "It will thus be seen that the bankrupt must make application in some way to have the proceedings stayed in the State court. This he did not do, so far as the record discloses, and his own laches has allowed this judgment of a court of competent jurisdiction to be rendered against him. We hold, therefore, that the judgment is good, and that his discharge being subsequent thereto, does not relieve him from its operation." In discussing this question Lowell, J., said: "The argument for the side which the defendant assumes in this case appears to me much stronger. Not only the technical doctrine of merger is involved, but the defendant has had his day in court and one opportunity to plead this defence; and I take it to be a rule of the highest importance that a defence which might have been made to the original cause of action can never be made to the judgment. Now the bankrupt act provides most carefully for a stay of suit until the defendant's discharge is passed upon; giving, by fair implication, a power to district courts even to enjoin actions in State courts, contrary to the general practice. All this is for the very purpose of enabling the bankrupt to plead his discharge. If he does not choose to avail himself of this right, what possible ground is there for saying that the judgment shall not bind him? Are we to enquire in each case why his plea was not set up or why it was overruled? It may be that the State court was of opinion that the discharge, if granted would be no bar. We can not impeach their decision collaterally. It may be that the bankrupt intended not to set up the discharge against this creditor. We can not

authorize him to reconsider this determination; it may be that he was surprised." *In Re Gallison,* 5 Nat. Bank. Reg. 353.

In support of this opinion are cited *Holbrook* v. *Foss,* 27 Maine, 441; *Fisher* v. *Foss,* 30 Maine, 459; *Pike* v. *McDonald,* 32 Maine, 418; *Sampson* v. *Clark,* 2 Cush. 173; *Woodbury* v. *Perkins,* 5 Cush. 86; *Faxon* v. *Baxter,* 11 Cush. 35; *Wolcott* v. *Hodge,* 15 Gray, 547. The question is thoroughly considered in the recent case of *Boynton* v. *Ball,* 15 Reporter, 783, and a conclusion reached which harmonizes with that stated by LOWELL, J., *In Re Gallison, supra.* In *Ray* v. *Wight,* 119 Mass. 426, it was said: "If, indeed, neither the bankrupt nor the assignee moves for a stay of proceedings, the court may proceed to judgment. *Dunbar* v. *Baker,* 104 Mass. 211; *Cutter* v. *Evans,* 115 Mass. 27." In *Doe* v. *Childress,* 21 Wal. 642, it was said that, "Where the power of a State court to proceed in a suit is subject to be impeached, it can not be done except upon an intervention by the assignee, who shall state the facts and make the proof necessary to terminate such jurisdiction. * * * * * In *Kent* v. *Downing,* 44 Ga. 116, the court say: 'The assignee may on his own motion be made a party, if for no other reason than to have it properly made known to the court that the defendant has become bankrupt. He has also a right to move to dismiss the attachment. The adjudication of bankruptcy must be made known to the court in some authentic mode. It may be denied, and the State court can not take notice of the judgment of other courts by intuition. They must be brought to the notice of the court, and this can not be done without parties.'" It was held, in the case from which we have quoted, that as the assignee had failed to intervene in the State court, and question the validity of the attachment, he could not afterwards impeach it, and this establishes the principle which we have indicated as the correct one; for, if the assignee is charged with the duty of intervening and bringing the bankruptcy proceedings before the State court, much more is the

Bowen *et al. v.* Eichel.

debtor who is personally and directly interested in securing an effective discharge. If it be negligence on the part of the officer of the law to allow the State court to proceed uninformed, it certainly must be so for the debtor to allow his day in court to pass unused. As sustaining the conclusion stated by us we also cite *In Re Mansfield,* 6 Nat. Bank. Reg. 388 ; *Bradford* v. *Rice,* 102 Mass. 472 (3 Am. R. 483). In *Dormire* v. *Cogly,* 8 Blackf. 177, it was held that a judgment rendered after an adjudication in bankruptcy was not affected by the discharge, and although this decision was made under the bankrupt act of 1842, we think it has an important bearing on the present case, inasmuch as it holds that discharges do not release judgments rendered subsequent to the adjudication ; and, this being granted, it must follow that the discharge relied on by the appellee is unavailing. If he would have avoided this result, he should have secured a stay of proceedings, and not have allowed the old debt to be transformed into a new one later than the adjudication, for upon such debts, that is, debts created subsequent to the adjudication, the discharge does not operate.

When the debt of the appellants was put into judgment, their claim was merged and their right of action bound up in the judgment, and their debt was, therefore, subsequent to the adjudication in bankruptcy, and not embraced by the discharge. This doctrine of merger extends so far as to merge a judgment on which an action is brought in the last judgment and to destroy the lien of the former. *Gould* v. *Hayden,* 63 Ind. 443. If the judgment has this force where it rests on a debt evidenced by a judgment, it must surely have it when it rests on an ordinary chose in action.

Judgment reversed.

Filed June 28th, 1883.
Petition for a rehearing overruled Oct. 12th, 1883.