Filed Feb. 20, 1884.

---

No. 9684.

BURKE v. PINNELL ET AL.

PRINCIPAL AND SURETY.— *Injunction.—Execution.—Judgment.—Presumption of Jurisdiction.*—Where, in an action by the principal against the surety in a joint judgment to enjoin an execution thereon issued against the principal in favor of the surety, the complaint alleged that the surety had appeared in the cause resulting in such judgment, and " filed his cross complaint, setting up that he was surety only, and that the court so found and rendered judgment," it will be presumed that such court had obtained jurisdiction over the principal before rendering such judgment of suretyship.

BANKRUPTCY.— *Must be Pleaded.—Injunction. — Execution. —* Pending proceedings in bankruptcy, if not pleaded as a defence to an action in a State court, are not grounds for enjoining execution on the judgment rendered in the latter court.

From the Boone Circuit Court.

*R. Hill, J. W. Nichol* and *S. M. Burke,* for appellant.

*H. C. Wills, U. J. Hammond* and *W. Bosson,* for appellees.

ZOLLARS, J.—The purpose of this action by appellant against Pinnell, and Spahr, as the sheriff of Boone county, is to perpetually enjoin them from levying an execution upon his property. The ground upon which the injunction is asked may be epitomized as follows: On the 23d day of February, 1878, appellant was adjudged a bankrupt by the District Court of the United States for the District of Indiana, upon a petition filed on the 22d day of the same month, and on the 12th

day of November, 1878, was finally discharged from all of his debts existing at the time of the adjudication of bankruptcy.

On the 6th day of March, 1878, Eli Baker recovered a judgment in the Boone Circuit Court against appellant and others, and appellee Pinnell as surety for appellant. In relation to this suretyship the averments of the complaint are: " That on the trial of said cause the respondent, James H. Pinnell, appeared to said cause of action and filed his cross complaint, setting up, among other things, that he was surety only upon said note for your petitioner, and that the honorable court so found, and rendered judgment according to the facts so alleged by the respondent, James H. Pinnell."

After the rendition of the judgment, appellant sold to Pinnell a quantity of barley, which was accepted by him in full satisfaction and payment of the judgment against appellant, which judgment Pinnell agreed to pay. Notwithstanding this satisfaction and agreement, Pinnell, in June, 1880, caused an execution to be issued upon the judgment, for his benefit, in the name of Baker, and placed it in the hands of the sheriff, who was threatening to levy it upon appellant's property. To this petition, appellees filed a general denial, and two special answers. A demurrer was overruled to the second answer, and after trial judgment was rendered for appellees. From this judgment appellant prosecutes this appeal, and assigns as error the ruling on the demurrer. Upon this alone, he relies for a reversal of the judgment. The material portion of this answer may be summarized as follows: Baker's suit was commenced on the 12th day of February, 1878, and was against appellant and his co-defendants as principals, and against appellee Pinnell as surety only for appellant, and was upon a promissory note which shows such suretyship. A summons was issued upon the complaint, and on the 15th day of the same month was served upon all the defendants; all of whom were residents of Boone county.

Appellant was declared a bankrupt on the 23d day of February, 1878, and on the 6th day of March following judgment

was rendered in favor of Baker against all of the defendants, the court, upon the complaint and exhibit filed therewith, finding and rendering judgment that Pinnell was surety for appellant. Between the 16th day of September, 1879, and the 26th day of February, 1880, Pinnell paid the full amount of the judgment and costs in favor of Baker, viz., $538, no part of which has ever in any manner been paid, or repaid by appellant. Neither the judgment nor the debt evidenced by the note was proven in the bankruptcy proceeding; nor did appellant set up his bankruptcy in the Baker suit, or in any way bring to the knowledge of the court the fact of such bankruptcy, nor has he since taken any steps to have the judgment vacated.

Two objections are urged against this answer: First. That it does not appear that the adjudication of Pinnell's suretyship was upon a cross complaint, nor that appellant was served with summons to answer, nor that he appeared to such cross complaint. There would be some plausibility in this objection if it did not appear from appellant's complaint that a cross complaint was filed by Pinnell, and that the adjudication of suretyship was based upon it. Nothing appearing to the contrary, it will be presumed that the court had jurisdiction of the parties to the cross complaint upon which the judgment of suretyship is alleged to have been rendered, and that the judgment so rendered was in the usual and proper form. *State, ex rel.*, v. *Ennis*, 74 Ind. 17.

The second objection urged against the answer is, that the Baker judgment set up therein, and upon which the execution in the hands of the sheriff rests, was extinguished by appellant's discharge in the bankruptcy proceeding. The precise question here presented was fully considered in the recent case of *Bowen* v. *Eichel*, 91 Ind. 22, and decided adversely to appellant's position. It is sufficient to refer to that case, and the authorities therein cited, without a re-statement of the reasons which led to the conclusion. We think that the answer is sufficient, and that, therefore, the court be-

low was not in error in overruling the demurrer directed against it.

The judgment is affirmed, with costs.

Filed March 5, 1884.