IRA LACKEY

v.

ELISHA B. STEERE.

*Filed at Springfield September 27, 1887.*

1. BANKRUPTCY—*discharge in bankruptcy—effect upon surety and others liable for the same debt.* A discharge in bankruptcy does not release, discharge or affect any person liable for the same debt with the bankrupt, either as partner, joint contractor, surety or otherwise.

2. SAME—*judgment pending proceeding, and satisfaction out of subsequently acquired property.* A judgment obtained against a bankrupt in the State court, pending a proceeding by him in the United States Court for a discharge in bankruptcy, is valid, notwithstanding his subsequent discharge. The bankrupt, after his discharge, may apply for and have a stay of the execution of the judgment. If he suffers execution to be issued and his subsequently acquired property to be sold, the sale will be valid, and operate as a satisfaction both as to the bankrupt and his surety, when the judgment is against both.

3. CHANCERY—*setting aside satisfaction of judgment—as to one not a party.* Pending a proceeding in bankruptcy, judgment was recovered against the alleged bankrupt and his surety. There being no stay of proceedings under the judgment after the discharge, after acquired lands of the bankrupt were levied on and sold in satisfaction of the judgment. Subsequently, the bankrupt, on bill filed for that purpose, to which the surety was not made a party, obtained a decree setting aside the sale and satisfaction of the judgment: *Held,* that the decree in nowise affected the surety, but that his rights remained the same as if no decree had ever been rendered.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding.

On the 15th day of September, A. D. 1877, John M. Major filed his voluntary petition in bankruptcy, in the United States District Court for the Southern District of Illinois. On the 10th day of October, 1877, Elisha B. Steere, the defendant in error, obtained in the McLean circuit court a judgment against John M. Major and Ira Lackey, for the sum of $2183.33⅓. On the 4th day of December, 1877, E. B. Steere proved his

said judgment in the said district court as a claim against the estate of said John M. Major. On the 20th day of August, 1879, said Major was discharged in bankruptcy from debts existing on the 15th day of September, A. D. 1877. December 14, 1882, execution was issued out of the McLean circuit court on the judgment obtained therein as aforesaid, and levied on property acquired by Major subsequent to his discharge. A sale was made, and the judgment creditors purchased at that sale, bidding the full amount of said judgment, interest and costs, and said execution was returned by the sheriff satisfied in full.

A bill in chancery was filed in the McLean circuit court to the February term, A. D. 1883, wherein John M. Major was complainant, and E. B. Steere, H. H. Swaim, sheriff of McLean county, and J. C. McFarland, clerk of the circuit court, were defendants. At the same term of court an amended bill was filed, and subsequently such proceedings were had thereon that at the September term, A. D. 1883, a decree was rendered in favor of said John M. Major, setting aside the sale under the execution, and vacating the satisfaction of the judgment as to him. Lackey was not a party to that proceeding. In December, 1885, Lackey was notified to appear on the first day of the February term, 1886, of the McLean circuit court,—that on that day Steere would make a motion to set aside the sale and to vacate the satisfaction of the judgment. On the 22d day of December, 1885, a *scire facias*, to revive said judgment, was issued out of the McLean circuit court, against Lackey, alone, which was made returnable to the February term, A. D. 1886. At the last mentioned term such proceedings were had that the court set aside the sale as to Lackey, and also revived the judgment.

The judgments of the circuit court were affirmed in the Appellate Court for the Third District, and the defendant, Lackey, brings the case to this court on error.

Mr. JOHN E. POLLOCK, for the plaintiff in error:

Plaintiff in error was surety, only, on the note which was afterward reduced to judgment. Defendant in error released the surety by proving his claim in bankruptcy. U. S. Rev. Stat. secs. 5105, 5117.

Any act that operates to the injury of the surety, which would release him before judgment, will release him after judgment. *Trotter* v. *Strong*, 63 Ill. 272; *Commonwealth* v. *Miller*, 8 S. & R. 452; *Potts* v. *Nathans*, 1 W. & S. 155; *Bank* v. *Bank*, 7 id. 335; *Talmadge* v. *Burlingame*, 9 Bow. 21; *Carpenter* v. *King*, 9 Metc. 511; *Bangs* v. *Strong*, 10 Paige, 11; 7 Hill, 520; 4 Comst. 315; *Moss* v. *Pettingill*, 3 Minn. 217; *Smith* v. *Rice*, 27 Mo. 505; *Crawford* v. *Gaulden*, 33 Ga. 173; *Sheridan* v. *Parker*, 24 Iowa, 28; *Furguson* v. *Turner*, 7 Mo. 497; *Brown* v. *Riggins*, 3 Ga. 405; *Craig* v. *Cox*, 2 Bibb, 309; *Sailey* v. *Elmore*, 2 Paige, 497; *Smith* v. *Day*, 23 Vt. 656.

The judgment concludes Major's defence. *Bailey* v. *Bailey*, 115 Ill. 551; *Scales* v. *King*, 110 id. 456; *Town of Lyons* v. *Cooledge*, 89 id. 529; *Kelly* v. *Donlin*, 70 id. 378.

The sale under the execution was a satisfaction of the judgment.

Judgments entered subsequently to the filing of the debtor's petition are beyond the scope of his discharge. *Bradford* v. *Rice*, 102 Mass. 472; *Kellogg* v. *Schuyler*, 2 Denio, 73; *Roden* v. *Jaco*, 17 Ala. 344; *Ellis* v. *Ham*, 28 Me. 385; *Uran* v. *Houdlette*, 36 id. 15.

Messrs. KERRICK, LUCAS & SPENCER, for the defendant in error:

The proving of the claims against the estate of the bankrupt did not discharge him. The claim was proved against the bankrupt December 4, 1877, while the bankrupt was not discharged until August 20, 1879. So the act of proving the claim did not discharge the bankrupt. The law subsequently released him, and it is a well settled rule of law that the dis-

charge of the principal by the act of the law will not relieve the surety. *Alsop* v. *Price*, 1 Doug. 160 ; *Garnett* v. *Roper*, 10 Ala. 842 ; *Cowper* v. *Smith*, 4 M. & W. 519 ; *Kane* v. *Ingraham*, 2 Johns. Cas. 403 ; *Seaman* v. *Drake*, 1 Caines, 9 ; *Inglis* v. *McDougal*, 1 Moore, 196 ; *Claflin* v. *Cogan*, 48 N. H. 411 ; *Jones* v. *Hagler*, 6 Jones Law, (N. C.) 532 ; *Moore* v. *Wallers*, 1 A. K. Marsh. (Ky.) 488.

Where a creditor, pending an action against a surety who contested his liability, proved the debt, under a commission of bankruptcy, against the principal, and by his signature enabled the bankrupt to obtain his certificate, though the surety had given him notice not to sign it, it was held the surety was not discharged. *Browne* v. *Carr*, 2 Russ. 600. We also call attention to *Phillip* v. *Solomon*, 42 Ga. 192, and *Sharpe* v. *Specklenagle*, 3 S. & R. 463.

Where the execution plaintiff is himself the purchaser, and the sale passes no title, the sale being void, or the property not being subject to sale on execution for plaintiff's demand, it is proper for the court to set aside the sale, vacate satisfaction of the judgment, if satisfaction is entered, and allow a new execution on the judgment. Rorer on Judicial Sales, sec. 1147 ; Freeman on Void Judicial Sales, sec. 46.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The record in this case shows two distinct proceedings in the circuit court. One is a motion to vacate the satisfaction of a judgment as to Ira Lackey, that had previously been rendered against him and one John M. Major, and the other is a *scire facias* to revive the same judgment as to Lackey. The circuit court vacated the satisfaction of the judgment, as it was asked to do by the motion, and revived it as to Lackey on the *scire facias*. The errors assigned call in question the correctness of both decisions, and as one is dependent upon the other, they will be considered together as presenting a single question.

If it shall be ascertained the order vacating the satisfaction of the judgment was improper as against Lackey, it follows, as a matter of course, it was error to revive it as to him.

As respects the facts, there exists no controversy. Pending a suit by Elisha B. Steere against John M. Major and Ira Lackey, on his own petition Major was adjudged a bankrupt in the United States District Court. Major did not ask for a stay of proceedings against himself, as he might have done under the Bankrupt act. The suit still progressed, and shortly after the filing of Major's petition in bankruptcy, plaintiff obtained a judgment against both defendants. Subsequently the judgment creditor proved his claim against the estate of the bankrupt, but never received any dividend or money whatever upon it. Later on, in August, 1879, Major was granted a discharge in bankruptcy. On the 14th day of December, 1882, execution was issued on the judgment against Major and Lackey, and real estate acquired by Major after his discharge in bankruptcy was levied upon and sold to the plaintiff in the execution, in full satisfaction of the judgment, interest and costs. Afterwards, Major filed a bill in chancery to set aside the sale of the property under the judgment, as a cloud upon his title, and a decree was rendered accordingly; but the satisfaction of the judgment as to Lackey still remained until it was set aside in this proceeding.

It is said the judgment against Major, at the time the execution was issued, was an absolute nullity, on account of his previous discharge in bankruptcy, and that the sale on the execution was void for that reason, and being void as to Major, it is void as to Lackey also, and might be set aside on motion, as was done. This raises the direct question whether the judgment against Major, after his discharge, was a nullity. If so, the subsequent sale of his property under it would be void also.

There can be no pretence the judgment was void as to Lackey, for the Bankrupt law provides, in express terms, "no

discharge shall release, discharge or affect any person liable for the same debt, or with the bankrupt, either as partner, joint contractor, surety or otherwise." (U. S. Rev. Stat. 1878, sec. 5118.) But was the judgment a nullity as to Major after his discharge in bankruptcy? If it was not, it is plain the sale of his property thereunder was a satisfaction of the judgment, both as to him and Lackey. It must not be forgotten in the brief discussion that is to follow, that Lackey was not a party to the bill filed by Major to set aside the sale of his property under the execution issued on the judgment against them, and is in nowise affected by the decree rendered. His rights are precisely the same as if the bill had never been filed by Major, and no decree rendered in favor of Major.

That the judgment against Major, jointly with Lackey, notwithstanding his subsequent discharge in bankruptcy, was valid as to him as well as Lackey, not the slightest doubt is entertained. The court had jurisdiction of the subject matter, and of the persons of defendants, by service of process, and the judgment was valid and would remain in force, and might be executed unless stayed or satisfied in some way known to the law, by judgment or otherwise. Whether a judgment rendered by a State court is valid, under its laws, is not a Federal question, but whether its further execution might be stayed, after discharge in bankruptcy, by force and operation of the Bankrupt law, may be, and no doubt is, a Federal question. What the Supreme Court of the United States has decided as to the effect to be given to the discharge in bankruptcy after the judgment, must therefore be regarded as controlling.

It will be seen the Supreme Court, in *Dimock* v. *Revere Copper Co.* 117 U. S. 559, has held, in conformity with the State courts of Massachusetts, that a judgment rendered against the bankrupt, after his discharge, where he failed to plead such discharge, was conclusive on the question of his indebtedness, and hence the judgment was valid. In *Boynton* v. *Ball*, recently decided in the Supreme Court of the United States, it

was said the principle on which *Dimock's case* was decided, was that while the discharge in bankruptcy would have been a valid defence to the suit if pleaded at or before the time judgment was rendered in the Massachusetts court, it had, in that respect, no more sanctity or effect in relieving defendant of his debt to plaintiff, than a payment or receipt or release, of which he could only avail by plea, or otherwise bringing it to the attention of the court; but failing to do so, and showing no good reason why he did not, it was held the judgment was conclusive, and for that reason plaintiff was permitted to revive the judgment against defendant, notwithstanding his previous discharge in bankruptcy.

It will be seen the *Dimock case* is not sufficiently analogous in its facts with the one being considered, to be conclusive, one way or the other, upon the question whether the satisfaction of the judgment in this case can be set aside as to Lackey, and the judgment revived as to him. It does, however, support the view taken by the court, that the judgment against Major, notwithstanding his discharge in bankruptcy, was not a nullity, and the sequel will show that is an important point in the further consideration of the case. Neither is the case of *Boynton* v. *Ball, supra*, sufficiently analogous in its facts to be controlling authority on the principal question in the case being considered. In that case the judgment was rendered against Boynton prior to his discharge in bankruptcy, and hence he never had an opportunity to plead such discharge as a defence to the action against him. The fact he failed to ask for a stay of the proceedings against him, as he might have done under the Bankrupt law, was regarded as a matter of no consequence. As he pleaded his discharge at the first opportunity, and asked for a stay of execution against him, it was held he was entitled to relief. But that is not this case. Here, Major did not ask for a stay of execution on the judgment against him, as he might have done under the rule declared in *Boynton* v. *Ball*, but suffered execution to be issued, and his property

to be sold in full satisfaction of the judgment, and costs against him and his co-debtor, Lackey.

As has been seen, the judgment as to Major was valid, and it follows, as a matter of course, the execution and sale thereunder were valid, and operated as a full and complete satisfaction of the judgment, both as to Major and Lackey. It is apprehended it is too late, after the judgment against the bankrupt has been executed and his subsequently acquired property sold in satisfaction of the judgment, to ask for relief against such sale. He should have asked for a stay of execution of the judgment before the sale of his property, and failing to do that, and showing no good reason why he did not, the subsequent sale of his property must be regarded as regular and valid. The case of *Dimock* v. *Revere Copper Co. supra,* is a strong authority in support of this view of the law.

It would seem, therefore, to follow, as a matter of course, the satisfaction of the judgment, by the sale of Major's property, was a satisfaction of the judgment as to Lackey, and there is no reason, in law or in equity, why the satisfaction should be set aside and the judgment revived as to him. Whether the sale of Major's property was properly set aside on his bill, as to him, is a question not involved in the present discussion. As before remarked, Lackey was not a party to that suit, and had no opportunity to assert anything against the decree rendered in favor of Major, and is therefore not bound in any way by the decree. It is plain the sale of Major's property, as was done, was in satisfaction of the judgment against Lackey, and that is a full defence to the present proceedings against him.

The judgments of the Appellate and circuit courts will be reversed, and the cause remanded to the circuit court.

*Judgment reversed.*