# CHARLESTON.

ZUMBRO v. STUMP.

Submitted June 20, 1893.—Decided November 25, 1893.

1. REVIVAL OF JUDGMENT—SCIRE FACIAS—NEW TRIAL.

In a proceeding to revive a judgment by *scire facias* the *scire facias* must pursue the terms of the judgment, and a judgment on a writ of *scire facias* awarding an execution in favor of different parties for a different sum of money than that recited in the *scire facias* will be set aside by the court on motion made at the same term at which it is rendered, and a new trial will be awarded.

1. STAY OF PROCEEDINGS—EXECUTION—DISCHARGE IN BANKRUPTCY.

A discharge in bankruptcy may be set up in a state court to stay the issue of an execution on a judgment recovered against the bankrupt after the commencement of the proceedings in bankruptcy and before the discharge, although the defendant did not before the judgment ask for a stay of proceedings, under Rev. St. U. S. § 5106.

3. NEW TRIAL.

When the defendant moved the court to set aside its finding and grant him a new trial, which motion was overruled, and he failed to except to the opinion of the court and procure the court to certify all the facts proven at the trial, if the finding is substantially sufficient, generally the appellate court will presume that the opinion and judgment of the court in overruling the defendant's motion was right and proper, the contrary not appearing.

LINN & HAMILTON for plaintiff in error cited 51 Am. Dec.
51 and note; 7 Allen, 460; 115 Mass. 27; 30 Me. 459; 32
Id. 418; 57 Id. 29; 5 Nat. Bank Reg. 353; 117 U. S. 559.

I.— *When judgment* non obstante veredicto *may be entered:*—1
    Black Jdgmts. § 16.
II.—Scire facias *not a new suit, and error to enter a new judg-
    ment.*—Black Jdgmts. §§ 486, 497.
III.—*Power of Court to modify or to set aside judgments.*—
    Black Jdgmts. §§ 153, 297.
IV.—*General power of the Circuit Court to modify or set aside
    during the same term its orders, decrees and judgments; and
    the effect of such subsequent order.*—29 W. Va. 381; 11
    W. Va. 496; 14 W. Va. 759; 26 W. Va. 785; Code,
    c. 131, s. 15.
V.—*Power of a Court of law on this subject is greater than that
    of a Court of Chancery.*—26 W. Va. 786, 787; Code, c.
    131, s. 15.

R. F. FLEMING for defendant in error.

ENGLISH, PRESIDENT :

On the 22d day of December, 1882, one William A.
Zumro sued out of the clerk's office of the Circuit Court of
Calhoun county a writ of *scire facias* against Salathiel
Stump, for the purpose of reviving a judgment which was
recited in said writ as having been recovered on the 23d
day of October, 1878, by the judgment of said court
against said Salathiel Stump for the sum of two hundred
and thirty dollars and seventy seven cents, with interest
thereon from that date until paid, and his costs by him about
his suit in that behalf expended. More than two years have
elapsed since the date of said judgment, yet execution for
the debt, interest and costs aforesaid remains to be made.)
On the 24th day of February, 1883, the parties appeared
by their attorneys, and the defendant tendered a plea in
writing, to the filing of which the plaintiff objected, and
the court took time to consider thereof until the next term.
On the 21st day of June, 1883, the parties appeared by their
attorneys, and the defendant tendered his plea No. 2 in
writing to the plaintiff's action, to the filing of which the

plaintiff objected, which objections to said pleas numbered 1 and 2 were overruled, and the court permitted the said pleas to be filed.

Said plea No. 1 averred that before suing out of the clerk's office of this court the said writ of *scire facias*, to wit, on the 23d day of August, 1878, he, the said Salathiel Stump, became a bankrupt on the petition of himself, and that he, the said Salathiel Stump, was on the 23d day of August, 1878, to wit in the district court of the United States for the district of West Virginia, at Clarksburg, in said district, upon the petition of himself filed in said court on said last mentioned day, duly adjudged a bankrupt, and a certificate was awarded him, available for all purposes as a protection to him in bankruptcy, and thereby said Salathiel Stump became a bankrupt within the true intent and meaning of the act of congress of the United States of America, and called the "United States Bankruptcy Act," passed March 2, 1867, and in force on said 23d day of August, 1878, at said district at Clarksburg, aforesaid; and that the said supposed judgment in said writ of *scire facias* mentioned, if any such there be, was predicated upon a debt contracted by said Stump to said Zumbro, and said debt did accrue to said plaintiff before said Salathiel Stump so became a bankrupt, as aforesaid, to wit, on the 21st day of January, 1875; and defendant, Stump, alleged that his said petition was still pending and undetermined in said United States district court for the district of West Virginia, at Clarksburg, and of this he put himself upon the country, *etc.*

Plea No. 2 reads as follows: "And the said defendant, Salathiel Stump, comes and defends the wrong and injury, when," *etc.*, "and for further plea, says that on the 23d day of August, 1878, defendant resided in the county of Calhoun, in the State of West Virginia, and within the district of West Virginia, and was then owing debts not contracted in consequence of defalcation as a public officer, nor while acting in any fiduciary capacity, and was then and there a bankrupt within the time, intent, and meaning of the act, and entitled to all of its benefits;—that on the 23d day of August, 1878, he presented his petition to the United

States district court for said district of West Virginia, at Clarksburg, setting forth truly, according to his best knowledge and belief, a list of his creditors, their places of residence, and the amount due each, together with an accurate inventory of his property, rights, etc., of every name and description, and the location and situation of each and every portion thereof; also setting forth the inability of him, said defendant, to pay all his debts in full, his willingness to surrender all his estate and effects for the benefit of his creditors, and praying for the benefit of the act of the congress of the United States entitled 'Bankruptcy;' which petition was duly verified by his oath;—that upon the presentation of said petition such proceedings were had thereon that defendant afterwards, to wit, on the 28th day of February, 1883, was duly ordered and decreed to be a bankrupt;—and further that in pursuance of said act, to wit, on the 28th day of February, 1883, in the district aforesaid, a certificate of discharge was granted to said defendant, and a final discharge and certificate were granted to him in and by said court, which discharge and certificate are in the words and figures following, to wit: 'District of West Virginia—ss.: District court of the United States for the district of West Virginia. In bankruptcy. In the matter of Salathiel Stump, bankrupt. Whereas, Salathiel Stump, in the county of Calhoun and State of West Virginia, has been by this court duly adjudged a bankrupt under the act of congress entitled 'An act to establish a uniform system of bankruptcy throughout the United States,' approved March 2, 1867, and appears to have conformed to all the requirements of the law in that behalf, it is therefore ordered by the court that said Salathiel Stump be and he hereby is, forever discharged of and from all debts and claims which by said act are made provable against his estate, and which existed on the 23d day of August, 1878, on which day the petition for adjudication was filed by him, the said Stump, excepting such debts, if any, as are by said act excepted from the operation of a discharge in bankruptcy. Given under my hand and the seal of said district court at Clarksburg, in the said district, this the 28th day of February, A. D. one thousand eight

hundred and eighty three. J. J. Jackson, Judge of the District Court of U. S. for the District of West Virginia. [Seal of Court.]' And the said defendant avers that the promisory note filed in the said plaintiff's declaration, upon which said judgment in said *scire facias* mentioned was and is predicated and founded, if any such promisory note was made, was made and accrued before the presenting of said petition of said defendant to be declared a bankrupt, and was provable under the act aforesaid:—also that the supposed debt in said *scire facias* and declaration mentioned was not created in consequence of any defalcation of the defendant as a public officer, or as an executor, *etc.*, or while acting in any other fiduciary capacity. And the said defendant avers that such discharge and certificate were a full and complete discharge from all liability on account of said supposed judgment," *etc.* "and this he is ready verify, *etc.*

"SALATHIEL STUMP,
*By Counsel.*
" LEVI JOHNSON *and*
"HENRY C. FLESHER,
*For Deft."*

On the 20th day of June, 1889, the plaintiff moved the court to strike out of the cause said special pleas No. 1 and No. 2, which motion was overruled, and the plaintiff replied generally to each of said pleas. These were the only pleas interposed, and on the 18th day of February, 1890, the parties waived a jury, and submitted the whole matters of law and fact to the court, and the court rendered a judgment upon said *scire facias* in favor of William A. Zumbro and George S. Smith, late partners trading under the firm name of Zumbro & Smith, against said Salathiel Stump and awarded execution against the defendant for the sum of four hundred and thirty two dollars and forty cents, with interest from the 20th day of June, 1882, till paid, and ten dollars and forty five cents costs, together with the costs of said writ.

On the 20th day of February, 1890, the defendant moved the court to set aside the judgment given against him, and the plaintiff by his attorney stated that the order entered

on the 18th day of February, 1890, was a judgment in favor of Zumbro & Smith against Salathiel Stump, and that there was nothing in the record which would justify such an order, and that said order should be set aside; and the plaintiff moved the court to enter the judgment, to which he claimed he was entitled upon the said *scire facias;* and thereupon the court refused to enter the said judgment, but ordered the same to be set aside, and awarded the defendant a new trial; to which action and ruling of the court in refusing to enter the said judgment and in granting a new trial of the said cause the plaintiff excepted, and prayed the court to certify all the evidence on the said trial and on the motion for a new trial, and the court did accordingly certify as follows:

That on the trial before the court in lieu of a jury the plaintiff read in evidence a judgment in favor of William A. Zumbro and George S. Smith, partners trading under the firm name of Zumbro & Smith, against Salathiel Stump, rendered by said court at the June term thereof, 1882; and also an execution book, showing the entry of the said judgment therein, a copy of which judgment is made part of the bill of exceptions, and is for the sum of four hundred and thirty two dollars and forty cents, with interest thereon from the 20th day of June, 1882, and costs. The transcript from the execution book was also made a part of the bill of exceptions, and shows a judgment for the same amount, with interest from the same date, and nine dollars and seventy cents costs. And the defendant, to maintain said pleas Nos. 1 and 2, filed by him, offered and read in evidence a certificate of protection in bankruptcy, showing that he was on his own petition on the 23d day of August, 1878, duly adjudged a bankrupt, and also his final discharge in bankruptcy, dated the 28th day of February, 1883, both of which papers are set forth in and made part of said bill of exceptions. And it was stated on said trial of the *scire facias* that the judgment of *Zumbro & Smith* v. *Salathiel Stump* was the judgment relied on by the plaintiff; and the defendants attorney being asked if he had any further evidence to offer replied that he had not, whereupon the court found for the plaintiff

upon the issues joined, and awarded execution in favor of said Zumbro & Smith against said Salathiel Stump for the sum of four hundred and thirty two dollars and forty cents, with interest thereon from the 20th day of June, 1882, until paid, and costs, ten dollars and forty five cents, and the costs, of said writ; and on the 20th day of February, 1890, the defendant moved the court to set aside said judgment and grant him a new trial, which was done. On the 21st day of June, 1890, the cause was again submitted to the court in lieu of a jury to try the same; and the court, having fully heard the evidence and argument of counsel, found for the defendant upon the issued joined, and gave judgment for costs against the plaintiff, and on the same day the court certified that before rendering judgment for the defendant, the plaintiff moved the court to set aside the finding of the court for the defendant, on the ground that it was contrary to the law and evidence, and also because of the matters set forth in bill of exceptions taken at a former term, which motion the court overruled, and the plaintiff obtained this writ of error.

The only pleas interposed in the case were those designated as Nos. 1 and 2, and the defendant moved the court on the first trial to strike out these pleas, and when the court overruled his motion he replied generally thereto. The first question, then, is, did these pleas constitute a good defence to the *scire facias?* Now, if either of these pleas was good, and constituted a bar to the *scire facias*, it should have been filed; and as in our opinion there can be no question that plea No. 2 was a good one, the Circuit Court committed no error in allowing it to be filed. Said plea No. 2 avers that on the 23d day of August, 1878, the defendant resided in the county of Calhoun, in the state of West Virginia, and was then owing debts not contracted in consequence of defalcation as a public officer nor while acting in any fiduciary capacity, and was then and there a bankrupt, within the true intent and meaning of the act, and entitled to all its benefits, *etc.* The plaintiff moved to strike out both of these pleas, but his motion was overruled, and said pleas were filed, and the plaintiff replied generally thereto. The effect of a motion to strike out stands

upon the same footing as a demurrer thereto, so far as it operates as an admission of the truth of all matters of fact which are sufficiently pleaded. These facts, however, were put in issue by the general replication.

Upon the question as to whether said plea constituted a good defence if the averments therein contained are to be taken as true, we refer to the case of *Boynton* v. *Ball*, 121 U. S. 457 (7 Sup. Ct. 981) where it was held that "a discharge in bankruptcy may be set up in a state court to stay the issue of an execution on a judgment recovered against the bankrupt after the commencement of the proceedings in bankruptcy, and before the discharge, although the defendant did not, before the judgment, ask for a stay of proceedings under Rev. St. § 5106."

The judgment in the case under consideration, as in that case, was rendered between the date on which the defendant was adjudged a bankrupt on his own petition and the date on which he obtained his final discharge. Justice Miller, in the case of *Boynton* v. *Ball, supra*, in commenting on the case of *Dimock* v. *Copper Co.*, 117 U. S. 559 (6 Sup. Ct. 855) says among other things:

"The principle on which the case was decided was that, while the discharge in bankruptcy would have been a valid defence to the suit if pleaded at or before the time judgment was rendered in the Massachusetts court, it had in that respect no more sanctity or effect in relieving Dimock of his debt to the company than a payment or a receipt or a release, of which he was bound to avail himself by plea or suggestion of some kind as a defence to the action in proper time; that, showing no good reason why he should not have presented that discharge, and permitting the judgment to go against him in the Massachusetts court, without an attempt to avail himself of it there, the judgment of the court was conclusive on the question of his indebtedness at that time to the copper company. That case, so parallel in its circumstances to the one now before us, would be conclusive of the latter if Boynton had had his certificate of discharge, or if the order for it had been made by the bankruptcy court before the judgment in the state court. But, as we have already seen, the judgment in the

state court was rendered more than a year before the order of discharge in the bankruptcy court, and Boynton therefore had no opportunity to plead a discharge which had not been granted as a defence to that action."

In the case under consideration we find the judgment re-cited in the *scire facias* was obtained on the 23d day of October, 1878, and the judgment in favor of Zumbro & Smith, which was offered in evidence by the plaintiff, was rendered on the 20th of June, 1882, while the said final discharge of Salathiel Stump bears date the 28th day of February, 1883, so that said discharge could not have been pleaded at the date of either of said judgments, and the ruling of the Supreme Court of the United States in the case of *Boynton* v. *Ball, supra,* shows that plea No. 1 could only have been made available if pleaded, at the proper time to obtain a stay of proceedings until the discharge was obtained, which might have then been pleaded *puis darrein continuance.*

A valuable note upon the question involved in this case may be found in *Clark* v. *Rowling,* 53 Amer. Dec. 297, where it is said that the great preponderance of authority holds that, "where a judgment is recovered against a bankrupt or insolvent between the petition and discharge for a prova-ble debt existing at the time of the petition, whether a dis-charge be under a state insolvent law or under the bank-rupt act of 1841 or that of 1867, the judgment does not merge the original cause of action, so as to constitute a new debt, but is merely a new security for the old debt; and, the former debt being barred by the discharge, the judg-ment is also barred, including costs;" citing numerous au-thorities. See, also, *Lackey* v. *Steere,* 121 Ill. 598 (13 N. E. Rep. 518).

That the court committed no error in setting aside the judgment on said *scire facias* rendered on the 18th day of February, 1890, is manifest for the following reasons:   In the first place, the execution is awarded for nearly double the amount recited in the *scire facias* as the amount of the judgment; second the execution is directed in favor of a firm by the name of Zumbro & Smith, when the judgment recited in the *scire facias* is described as being in favor of

William A. Zumbro; and because both plaintiff and defendant conceded that the judgment was erroneous, and the court pursued the proper course in setting aside the judgment and awarding the defendant a new trial.

Foster on *Scire Facias* (57 Law Library [N. S.] p. 54) says: "The *scire facias* must pursue the terms of the judgment, and a variance from it is error, as if it mistakes the sum." And Barton in his Law Practice (volume 2, p. 1016) says: "The function of these cases of the *scire facias* is not to render a new judgment, but it only awards an execution on the judgment originally rendered."

Upon the second trial, which was had on the 21st of June, 1890, the cause was again heard by the court in lieu of a jury, and the court having fully heard the evidence and argument of counsel found for the defendant; and before rendering judgment for the defendant the plaintiff moved the court to set aside the finding of the court for the defendant on the ground that it was contrary to the law and evidence, and also because of the matters set forth in the bill of exceptions taken at former term, which motion the court overruled. The plaintiff however took no bill of exceptions to the ruling of the court upon his motion for a new trial, and as a matter of course did not set out the facts proven upon the last trial. It is true that the certificate of the court shows that the motion to set aside the finding was based upon the alleged ground that it was contrary to the law and evidence, and also because of the matters set forth in the bill of exceptions taken at the former term. We can not, however, well see how a bill of exceptions setting forth the facts proved at a former term upon a former trial can be looked into to determine the correctness of the ruling of the court upon the last trial, for at the time the bill of exceptions referred to was taken and saved it may have contained all of the facts then proved; but how can we say it contains all the facts proved when the second trirl was concluded?

Barton in his new Law Practice (volume 1, p. 659) says: "The facts stated in one bill of exceptions, however, can not be noticed by an appellate court in considering another, unless the first bill is referred to in the second, and adopted

as part of it;" citing *Crawford* v. *Jarrett's Adm'r*, 2 Leigh, 639 ; *Perkins* v. *Hawkins,* 9 Gratt. 649 ; *Brooke* v. *Young* 3 Rand. (Va.) 106.

The difficulty in the case under consideration is that no bill of exceptions setting out the facts proved in the last trial was taken, and in consequence we have no certificate of all the facts proved.

In the case of *Campbell* v. *Hughes*, 12 W. Va. 184, this Court held that, "when the defendants moved the court to set aside the verdict of the jury and grant a new trial, and the court overruled the motion, and the defendants failed to except to the opinion of the court, and procure the court to certify all the evidence given or facts proven at the trial, if the verdict is substantially sufficient, generally the appellate court will presume that the opinion and judgment of the court in overruling the defendant's motion was right and proper, the contrary not appearing."

Again, this court has frequently held that, "where a bill of exceptions taken to the opinion or ruling of the court below does not set forth sufficient facts, matter or evidence to show whether the court erred or not, the presumption will be that the court was right." See *Wise* v. *Postlewait,* 3 W. Va. 453 ; *Bank of the Valley* v. *Bank of Berkeley, Id.* 386 ; *Fawcett* v. *Railway Co.*, 24 W. Va. 755 ; *Todd* v. *Gates*, 20 W. Va. 464.

Under these rulings then, as we are in the case under consideration unable to determine what evidence was before the court at the second or last trial, we must presume that the rulings of the court complained of were right, and for these reasons the judgment complained of is affirmed with costs and damages.