HIRAM WELLS, ADMR., v. HENRY ATKINS.

JANUARY TERM, 1896.

*Judgment pending insolvency proceedings.*

A judgment rendered against an insolvent debtor during the pend-
ency of insolvency proceedings by a court of competent juris-
diction cannot, in a suit upon the judgment, be attacked upon
the ground that under V. S., s. 2071, the judgment should
not have been rendered.

Debt on judgment.   Plea, the general issue with notice.
Trial by court at the September term, 1895, Washington
county, THOMPSON, J., presiding.   Judgment for the plain-
tiff.   The defendant excepts.

*George W. Wing* for the defendant.

*J. P. Lamson* for the plaintiff.

START, J.   The plaintiff's intestate brought an action
against the defendant, returnable to the September term, 1886,
of the Washington county court.   On the 25th day of Septem-
ber, 1886, the defendant filed his petition in the court of in-
solvency, and was adjudged an insolvent debtor.   On the
1st day of December, 1886, he filed a motion for stay of
proceedings in the action then pending in favor of the plain-
tiff's intestate, and all proceedings were stayed until the
March term, 1888, when judgment was rendered for the
plaintiff.   The insolvency proceedings were then pending,
and the defendant subsequently, on the 5th day of Decem-

ber, 1889, obtained his discharge.    This action is brought
to recover the amount of said judgment.

The defendant's counsel insists that the court rendering
the judgment now declared upon did not have such juris-
diction of the parties as authorized the rendering of the judg-
ment, and cites V. S., s. 207, in support of this claim.
This section provides that no creditor whose debt is prova-
ble shall, unless the amount due such creditor is in dispute,
be allowed after the filing of the petition, to prosecute to
final judgment, a suit at law or in equity therefor against
the insolvent debtor until the question of such debtor's dis-
charge has been determined; and any such suit shall, on
the application of the debtor, unless he unreasonably delays
endeavoring to obtain a discharge, be stayed to await the
determination of the court of insolvency on the question of
discharge.    If the amount due the creditor is in dispute, the
suit, by leave of the court of insolvency, may proceed to
judgment for the purpose of ascertaining the amount due,
which amount may be proven in insolvency; but execution
shall be stayed.

At the time the defendant filed his petition in the court of
insolvency, the suit was pending.    The parties were regu-
larly before the court, and the court had jurisdiction of the
subject matter of the suit and of the parties; and it was not
deprived of this jurisdiction by the insolvency proceedings.
The statute places no barrier upon the jurisdiction of the
court in which the suit is pending.    It only provides for a
stay of proceedings until the question of the debtor's dis-
charge has been determined in the court of insolvency, and
the duration of the stay is dependent upon the diligence of
the debtor in procuring his discharge, or having the ques-
tion of his right thereto determined by the court of insol-
vency; and the court in which an action is pending may, at
any time, adjudge that there has been an unreasonable
delay in bringing the question of the debtor's discharge to a

final hearing, or it may find and adjudge that the question has been decided by the court of insolvency and a discharge denied, or it may find that a discharge has been granted and adjudge that it is not a bar to the action. The court in which the action is pending retains jurisdiction to thus adjudge, and to render a valid and binding judgment; and such a judgment cannot be impeached collaterally. It can only be impeached as between the parties thereto, by some proper proceeding bearing upon the judgment itself. *Porter* v. *Gile*, 47 Vt. 620; *Lackey* v. *Steers*, 121 Ill. 598; 2 Am. St. Rep. 135; *Bowen* v. *Eichel*, 91 Ind. 22; 46 Am. Rep. 574.

If a right guaranteed to the defendant under the statute was denied him by the court rendering the judgment, his remedy was by exceptions to the supreme court. He cannot avoid the judgment because of a mere error or irregularity of the court by which it was pronounced. The court had jurisdiction to render the judgment, and whatever has been thereby decided and determined must be regarded as conclusively and irrevocably established, as between the parties, until the judgment shall be set aside.

*Judgment affirmed.*