11 U.S. 202
 7 Cranch 202
 3 L.Ed. 315
 WILSON
v.
KOONTZ.
 March 6, 1812
 
 1
 Present. All the Judges.
 
 
 2
 THIS was an appeal from the decree of the Circuit Court for the district of Columbia, which dismissed the Complainant's bill in equity.
 
 
 3
 Wilson filed a bill in equity, in the nature of an attachment in chancery, against Koontz, surviving partner of Koontz and Ober, as principal debtor, and Thomas Irvine and Joseph Mandeville as garnishees. It stated that Koontz, a resident of Virginia, as surviving partner of the firm of Koontz and Ober, was indebted to the Plaintiff by note, in the sum of 1,261 dollars, and had in the hands of Thomas Irvine and Joseph Mandeville goods and effects which were liable to be attached for the payment of the debt; and that unless he could make them liable by the intervention of the Court below, he would be without any means of recovering his debt. In tender consideration whereof, and for as much as he had no remedy at law, and could only subject the effects and money in the hands of Irvine and Mandeville to the payment of his debt by means of a Court of equity, he prays a discovery, and a decree that Koontz may pay the debt, and that Irvine and Mandeville may be restrained from paying away the effects in their hands, and that they may be applied to the payment of the debt, and for general relief.
 
 
 4
 Koontz having entered his appearance, gave security to perform the decree of the Court if it should be against him, thereby discharging the attached effects, and pleaded the statute of limitations in bar of the suit; to which the Complainant replied, that on the 4th of August, 1794, a suit was brought by the orders of the Complainant, in the name of the president, directors and company of the bank of Alexandria as nominal Plaintiffs in the District Court in the town or Winchester, in the state of Virginia, upon the note in the bill mentioned, against Koontz and Ober; and upon the writ the sheriff returned that Koontz was not found, and that Ober was no inhabitant of that county. That in September, 1794, it was agreed that Koontz should place in the hands of the Complainant sundry bonds towards the discharge of the note, and that he would pay the balance in 12 or 18 months—in consequence of which the suit was dismissed; in pursuance of which arrangement part of the money was paid, and the residue is still due with interest. That afterwards, in the year 1794, Koontz removed into some other part of the state of Virginia, unknown to the Complainant. That in 1803, the Complainant having learnt the residence of the Defendant in Rockingham county, 60 or 70 miles from his former residence, and more remote from the Complainant, ordered a suit against him, which was brought, but not prosecuted, because the Defendant required security for costs from the Complainant, who did not reside in Virginia.
 
 
 5
 To this replication there was a general rejoinder and issue, and a general dedimus to take depositions. Upon the return of which the cause came to hearing upon the pleadings and evidence. Whereupon the court below decreed that the bill should be dismissed with costs; from which decree the Complainant appealed to this Court.
 
 
 6
 E. I. LEE, for the Appellant.
 
 
 7
 It was not necessary for the Complainant to reply matter to bring himself within an exception to the statute of limitations; because the circumstances which take the case out of the statute are stated in the bill.
 
 
 8
 Before the Defendant can be permitted to plead the statute, he must, by answer, either deny the debt or aver it to be paid. Gilb. chancery practice, 61.
 
 
 9
 The statute of limitations is not properly a plea in equity. The statute does not make it an absolute bar in equity. It is only under the equity (i. e. the reason) of the statute that Courts of equity allow it to be pleaded. If it appear clearly that the debt has not been paid, the statute is no bar in equity. The questions put by Koontz upon the examination of the witnesses show that the debt was not paid. Less evidence than this has been held to take a case out of the statute. It would have been no bar for Ober, who never resided in Virginia: and if not a good bar for Ober, it was not for Koontz. The plea does not state that Ober, the other partner, did not promise within 5 years.
 
 
 10
 TAYLOR, Contra.
 
 
 11
 There is nothing in the replication or the evidence to take the case out of the statute. The only question then is whether the statute is a good plea in a suit in chancery. This is not properly a case of equity-jurisdiction. It is simply an action at law upon a promisory note. Nothing gave jurisdiction to the Court as a Court of equity, but the circumstance that the Defendant was a resident of Virginia and had effects in the hands of residents in this district. The Defendant having appeared and given security, so as to discharge the attached effects, nothing remains to be decided but the sheer law of the case; and when a Court of equity gets possession of a case which is a mere case at law, if it is allowed to proceed at all, it must decide the case as a Court of law would decide it.
 
 
 12
 If a bill charge fraud or trust, it is admitted that the Defendant must answer to the fraud or trust before he can plead the statute of limitations. But this bill charges no fraud nor trust, nor seeks any discovery from the Defendant. He is therefore not bound to answer, but may rely entirely on his plea. 3 P. Will. 144. The South Sea Comp. v. Wymondsell. 2 Com. Dig. 261. 2 Atk. 51. If the Complainant thinks the plea bad he may demur, or except. But here is neither exception nor demurrer. Laws of Virg. Rev. Code, 73, § 40.
 
 
 13
 March 10th. All the judges being present,
 
 
 14
 MARSHALL, Ch. J. delivered the opinion of the Court to the following effect:
 
 
 15
 This is a suit in chancery, and the Defendant pleads the act of limitations. The Plaintiff by his replication attempts to bring the case within the exception contained in the 14th section of that act; but it seems essential, under that section, that the Complainant should have been actually defeated or obstructed in bringing his action by the removal of the Defendant. There is no evidence of his intention of bringing his action sooner than he did, or that he was delayed by the Defendant's removal from the county. The Court is therefore of opinion that the circumstance of removal is not sufficient to take the case out of the statute.
 
 
 16
 It is objected, that the plea of the statute of limitations is not good unless the Defendant answer also and deny the debt, or aver it to be paid. But if this be a valid objection, it ought to have been taken at the time of offering the plea, and before the issue was joined. It is now too late.
 
 
 17
 If it be a good objection in cases within the general jurisdiction of a Court of equity, yet it is not valid in a case like the present which is really a case at law as between the present parties.
 
 
 18
 The Court is of opinion that the plea is a good bar, and that the decree should be affirmed.