The Chief Justice
delivered the opinion of the court.*
This was an action of assumpsit, for lodging, diet, stableage, &c.
The plaintiff pleaded, 1st, Nonassumpsit. 2d, Nonassumpsit within five years. On the first plea, issue was joined. To the second the plaintiff replied, that before the expiration of five years from the time of his making the promise alledged in the declaration, the defendant removed himself out of the county of Nelson, where he resided when the cause of action accrued. The defendant rejoined, that he did not, by his removal from the county of Nelson, prevent the plaintiff from bringing and maintaining his action within five years next after the supposed accrual of the cause of action, and concluded to the counrty and the plaintiff also.
A verdict being found for the defendant, the plaintiff moved for a new trial; but his motion being overruled, he excepted, and has brought the case to this court by writ of error.
The only error assigned, questions the decision of the *22 court in refusing to grant a new trial. But before we examine the correctness of that decision, it seems proper that we should enquire whether the plaintiff has, by his pleadings, entitled himself to maintain his action; for if he has not, it is plain, if the verdict had been in his favor, the court could not have given a judgment for him, and of course he cannot maintain a writ of error to reverse the judgment which has been rendered against him.
Though the defendant may have removed from the county of his residence at the time the debt was created, yet the stat. of limitations runs, unless pltf is delayed or obstructed in his suit by such removal.
Bibb for plaintiff.
That the declaration states a good cause of action, there is no doubt; but the replication to the plea of the statute of limitations, which is unquestionably a good bar to the action, we apprehend is fatally defective. The replication was evidently intended to bring the case within the influence of the 9th section of the statute of limitations; but it is clearly insufficient for that purpose. According to the plain language of that section, the mere removal of the defendant from the county where he resided when the cause of action accrued, cannot prevent him from pleading the statute of limitations. To have that effect, the plaintiff must be thereby defeated or obstructed from bringing his action. This construction has been given to the same provision of the statute of Virginia by the supreme court of the United States. 7 Cranch, 202.
Now, as the replication of the plaintiff in this case alledges only the fact of removal, without alledging that he was thereby defeated or obstructed from bringing his action, it is plainly no sufficient answer to the plea.
The judgment must therefore be affirmed with costs.

 Absent, Judge Rowan.