# CHARLESTON.

HOWARD, *Receiver, etc.* v. MARIE ANTIONETTE BLAIR *et als.*

Submitted February 25, 1919.   Decided March 4, 1919.

1.  LIMITATION OF ACTION—*Suspension During Absence from State—
    Application of Statute—Case Overruled.*
    The provision of section 18, chapter 104 of the Code, that.
    "Where any such right as is mentioned in this chapter shall accrue
    against a person who had before resided in this state, if such per-.
    son shall, by departing without the same * * * obstruct the prose-.
    cution of such right * * * the time that such obstruction may have
    continued shall not be computed as any part of the time within
    which the said right might or ought to have been prosecuted" has.
    no application to one who was not at the time of the incurrence
    of the liability nor before nor since a resident of this state.  *Hef-
    felbower* v. *Detrick,* 27 W. Va. 16, in so far as it holds otherwise.
    is overruled.  (p. 563).

2.  SAME—*Suspension—Statute.*
    The departure from this state by one who at the time of in-
    curring an obligation or liability resided here, operates *proprio
    vigore* an obstruction to the prosecution of such right as is men-
    tioned in said section 18 of chapter 104 of the Code, and upon a
    83 W. Va.

plea of the statute of limitations the plaintiff, to have the bene-
fit of said statute, is not required to show that he was otherwise
obstructed by the defendant in the prosecution of his right.
(p. 563).

3. SAME—*Conveyance of Property.*

Where a non-resident debtor in fraud of his creditors conveys
lands belonging to him in this state, and such creditors promptly
institute a suit in equity, upon foreign attachment, to set aside the
fraudulent deed, but one of such creditors does not include one of
his claims because not then due, he can not be regarded as hav-
ing been obstructed by such fraudulent deed in the prosecution
of a new suit to avoid said deed and recover his debt not due at
the time of the first suit, so as to avoid the plea of the statute
of limitations. (p. 567).

Appeal from Circuit Court, Marion County.

Bill by John A. Howard, receiver, etc., against Marie An-
tionette Blair, W. D. Bryan, administrator of W. J. Bryan,
deceased, and others, with garnishment against the Fairmont
Coal Company. Demurrer to bill by W. D. Bryan, adminis-
trator, sustained, and bill dismissed, and plaintiffs appeals.

*Decree affirmed.*

*McCamic & Clarke* and *J. M. Ritz,* for appellant.
*W. S. Meredith,* for appellees.

MILLER, PRESIDENT:

The decree to which the present appeal relates, pronounced
on March 12, 1918, sustained the demurrer of the defendant
W. D. Bryan, administrator of the estate of W. J. Bryan,
deceased, and, the plaintiff declining to amend, dismissed his
bill. The other defendants, except the Fairmont Coal Com-
pany, garnishee in the attachment sued out in the cause,
namely Marie Antionette Blair, John Blair, her husband, S.
W. Loller, Cecelia Bryan, A. E. Fox and S. A. Englehard,
not served with process and not appearing, are all alleged to
be non-residents of the state, and it is alleged that W. J.
Bryan in his life time and before and after the accrual of
the cause of action sued on was also a non-resident of the
state of West Virginia.

The object of the suit, begun July 7, 1916, was to recover

of the defendant W. D. Bryan, appointed by the circuit court of Harrison county, West Virginia, administrator of the estate of W. J. Bryan, deceased; first, the sum of five thousand dollars, upon a promissory negotiable note for that sum, dated August 10, 1903, payable on or before April 10, 1904, to the order of the defendant E. A. Fox, and by him endorsed without recourse to the defendant S. A. Englehard, and by the latter also endorsed, and of which note the bill alleges the First Citizens Bank, a corporation, of which bank plaintiff was appointed special receiver, became the bona fide holder in due course for a valuable consideration before maturity, amounting with interest at the date of the suit as per affidavit filed, to $8,875.00; second, to set aside as being fraudulent and void as to said debt a certain deed made by the said W. J. Bryan and wife to their daughter Lizzie B. Loller, now deceased, dated April 3, 1903, purporting to convey to the grantee therein a certain tract of land situated in Marion county, West Virginia, and then under lease for coal to the defendant Fairmont Coal Company, garnishee, attached in the cause, and subject to said lease, and to sell said land to pay said debt, interest and costs, and also to have applied any money in the hands of said garnishee to the satisfaction of the debt as decreed, and for general relief.

The demurrer was a general one, and no specific grounds were assigned therefor in the court below. Here two grounds are urged in support of the decree, namely, the statute of limitations and laches or staleness of the demand.

On the first ground, the statute of limitations of ten years, it fully appears on the face of the bill and exhibits that right of action on the note sued on matured on April 10, 1904, and that the present suit was not begun until July 7, 1916, more than twelve years after the right of action accrued to plaintiff, or to the bank of which he is special receiver, so that unless upon some ground sufficient to defeat the operation of the statute or bring the case within the exception thereto, the action was clearly barred and the bill was properly dismissed.

The exception in section 18, chapter 104 of the Code, is as follows: "Where any such right as is mentioned in this

chapter, shall accrue against a person who had before resided in this State, if such person shall, by departing without the same, or by absconding or concealing himself, or by any other indirect ways or means, obstruct the prosecution of such right, or if such right has been or shall be hereafter obstructed by war, insurrection or rebellion, the time that such obstruction may have continued shall not be computed as any part of the time within which the said right might or ought to have been prosecuted.''

To bring this case within that exception the bill alleges that although the maker of the note was at the time he executed it a resident of the state of Pennsylvania and had not before or since been a resident of this state, he was personally present in the state, where and when he executed the note and where by its terms it was to be paid, and that by immediately departing from the state and remaining away continuously thereafter he thereby obstructed the prosecution of plaintiff's right against him within the true meaning and intent of the statute.

For this proposition plaintiff takes cover under some early decisions of this court, namely, *Heffelbower* v. *Detrick*, 27 W. Va. 16; *Pugh* v. *Cameron's Adm'r.*, 11 W. Va. 523; *Abell* v. *Penn Mut. Life Ins. Co.*, 18 W. Va. 400; and also the early Virginia case of *Wilkinson* v. *Holloway*, 7 Leigh 277. The fourth point of the syllabus of *Heffelbower* v. *Detrick* is, ''If a person residing in another State, makes his note in this State, and thereafter departs from, and continues to reside out of this State he will be considered as a person, 'who before the action accrued resided in this State,' and who by his departure from it, and his residence out of it, has obstructed the payee in the prosecution of his right of action on such note during his absence from this State.'' That the statute clearly contemplates that the defendant should have at some time before the cause of action originated or accrued resided in West Virginia seems too plain for controversy. The very words of the statute ''who had before resided in this state,'' and ''by departing without the same'' read in juxtaposition as they should be, leave no possible room for doubt or quibble as to their meaning. They are plain words, not technical, and

should be construed according to their natural and usual acceptation. This was the view of Dr. Minor, of the statute of Virginia, substantially the same as ours. IV Minor, Pt. 1, (3rd ed.), 622. The Heffelbower-Detrick case was disposed of on a demurrer to the evidence, and we think Judge Woods, who wrote the opinion, intended no violence to the language of the statute, but put his decision on the presumption, for lack of evidence to the contrary, that the place of residence of the defendant at the time of making the note was where the note was actually executed and where by its terms the contract was to be performed, for he cites and reviews numerous decisions on the subject, and at page 28 says respecting the sufficiency of the evidence to overcome this presumption, "he," the defendant, "never, so far as the record shows pretended," * * * "that at the time," the time of the making of the note, "he did not reside in this state." We think the point of the decision should be interpreted in the light of the facts and presumptions from the evidence, so strongly emphasized in the opinion. The case of *Abell* v. *Penn Mut. Life Ins. Co., supra,* involved the status of the defendant, a foreign corporation. It was decided that for the purpose of that action its place of residence was in this state, where at the time of the contract it had qualified to do business and had and maintained an agent, and that having thereafter withdrawn from the state and ceased to maintain an agency here until shortly before the institution of the suit, the case was clearly within the statute, and that the time of such withdrawal should be elminated from the computation of time. It is true the opinion in that case apparently approves *Wilkinson* v. *Holloway, supra,* but of which Dr. Minor says at the page and in the volume already cited, the doctrine of that case "is no longer maintainable." And in *Embrey* v. *Jemison,* 131 U. S. 336, 350, involving the construction of the Virginia statute, in which the district court had construed the statute in accordance with the contention of counsel here, Justice Harlan says: "This construction of the statute was supposed to be required by the decision in *Ficklin's Executor* v. *Carrington,* 31 Grattan, 219. We are satisfied, upon a careful examination of that case, that it was misinterpreted by the

learned district judge who presided at the trial below;'' and
at page 352, says: ''The statute, so far as it relates to ob-
structions caused by a defendant having departed from the
state, means that, being a resident of Virginia when the cause
of action accrues against him, and being then suable in that
state, the defendant shall not, in computing the time in which
he must be sued, have the benefit of any absence caused by
his departure after such right of action accrued, and before
the expiration of the period limited for the bringing of the
suit.     The plaintiff was at liberty to sue the defendant
wherever he could find him.     Having elected to sue him in
Virginia, the courts sitting there must give effect to the lim-
itation prescribed by her law, without any saving in favor of
the plaintiff on account of the defendant's removal prior to
the making of any contract whatever with the plaintiff.''

There existed for a time some conflict in the decisions as to
whether removal from the state by a defendant of itself consti-
tuted an obstruction to the prosecution of plaintiff's right
within the meaning of the statute, or whether in addition
thereto the plaintiff was bound to show actual obstruction
in the prosecution of his particular action.     *Wilson* v. *Koontz,*
7 Cranch 202; *Ficklin* v. *Carrington,* 31 Gratt. 219; *Brown* v.
*Butler,* 87 Va. 621, 625, 626; *Cheatham* v. *Aistrop,* 97 Va.
457; Dissenting opinion of Judge SNYDER in *Heffelbower* v
*Detrick, supra,* p. 29; IV Minor Pt. 1, p. 622.     The case of
*Ficklin* v. *Carrington, supra,* distinctly affirms the first phase
of the proposition, and so do our cases of *Walsh* v. *Schilling,*
33 W. Va. 108; *Hogg et al.* v. *Hartley,* 48 W. Va. 339; *Lamon*
v. *Gold,* 72 W. Va. 618; and *Batten* v. *Lowther,* 74 W. Va.
167.     While *Wilson* v. *Koontz* and *Brown* v. *Butler* would
seem to hold the contrary.     However the Virginia court in
*Cheatham* v. *Aistrop, supra,* going to the other side reaffirms
the rule of *Ficklin* v. *Carrington,* and contrary to the con-
struction put by Mr. Barton on *Brown* v. *Butler,* see 1 Bar-
ton's Chancery Practice, 112, note 4, the court says: ''The
opinion in *Brown* v. *Butler* does not overrule or disapprove
the decision in *Ficklin* v. *Carrington.*     It was not necessary
to a decision of the question involved in *Brown* v. *Butler,*

hence the court expressly says: 'Without stopping, however to inquire whether those decisions (*Wilson* v. *Koontz,* and *Ficklin* v. *Carrington*) are irreconcilable, and if so, which is the correct one, it is enough for the purpose of the present case to say that upon the facts already adverted to, we are of opinion that the appellants are not shown to have been obstructed in their rights, either actually or constructively.' '' Reference is also made to the fact that the statute as construed in *Ficklin* v. *Carrington* more than twenty years before had since been incorporated without change in the new Code, and though afterwards amended in several particulars had not been so amended as to change the decision in the Ficklin-Carrington case. And this last holding Virginia seems to accord with the construction of similar statutes in other states. 2 Wood on Limitations, sec. 244, et seq. Our decisions on this controverted proposition, however, seems to have been consistent from the beginning, namely, that removal by defendant from the state after accrual of the cause of action operates *proprio vigore* an obstruction to plaintiff's right.

The next proposition advanced by appellant's counsel to reverse the decree is that Bryan the debtor by other indirect ways obstructed the plaintiff in the prosecution of his right; namely, first, by the making of a deed to one Anderson for a tract of land in Marshall county, withheld from record by the grantee until after a decree in rem upon an attachment in favor of plaintiff, subjecting the said land to the payment of said debt, and subsequent appearance by both Bryan and Anderson and the setting aside of the decree and dismissal of the suit on the ground that Anderson was a prior purchaser for value and in possession of the land before plaintiff's action accrued; second, by the making and execution by Bryan to his daughter of a deed for a tract of land in Marion county, subsequently set aside as fraudulent by the decree of this court upon appeal, in the suit of the First Citizens Bank against Bryan and others, and suits brought by other creditors for the same purpose, consolidated, as reported in 72 W. Va. 29. The bill alleges that plaintiff after the final decree of the court in said causes, undertook

to intervene by petition therein, and also in other suits. of said creditors begun and prosecuted in Marshall county, to secure the benefits of said decree to enforce payment of said note, but was denied such relief, upon the ground that it was too late to so intervene after final decree therein, wherefore the bringing of this original suit to obtain the relief prayed for. But we stop to inquire how plaintiff was obstructed in the prosecution of his rights as special receiver by the deed of Bryan to Anderson or by the one to his daughter. It is not alleged that Bryan was responsible for Anderson withholding his deed from record. That the bank was not thereby obstructed is shown by the fact that it actually brought its suit and got a decree of sale. The fact that Anderson prevailed because a bona fide purchaser of land constituted the deed no legal obstruction of plaintiff's rights. And that plaintiff was not obstructed in the prosecution of any right by the deed from Bryan to his daughter is evidenced by the allegations of the bill that the bank of which he was special receiver was plaintiff in one or more of the suits brought to set aside that deed for fraud and subject it to the payment of other notes of other and like classes held by it, and in which plaintiff after his appointment intervened. The reason alleged for not having included the note sued on, in those suits, is that it was not then due. But it became and remained due for more than ten years after maturity and before the attempt was made to intervene in the former suits after the final decree of this court therein, and this clearly appears on the face of the bill. Certainly, therefore, there was nothing in the making by Bryan of the deed to Anderson or of the one to his daughter, to obstruct him or the bank in the prosecution of a suit to set them or either of them aside as fraudulent and void.

The views expressed on the defense of the statute of limitations renders it unnecessary to respond to the defense of laches.

Our conclusion is to affirm the decree, and to hold that in so far as *Heffelbower* v. *Detrick*, 27 W. Va. 16, and *Abell* v. *Penn Mutual Life Insurance Company*, 18 W. Va. 400, may be regarded as inconsistent with the views herein ex-

pressed concerning the exception contained in section 18, chapter 104 of the Code, they must be regarded as overruled.

*Decree affirmed.*