WILLIAM TYRELL'S HEIRS, PLAINTIFFS IN ERROR V. ANDREW ROUNTREE AND OTHERS.

Ejectment. On the 12th of February 1807, an attachment was regularly issued by the court of Williamson county, Tennessee, and was, on the 13th of the same month, levied on a tract of land, the property of the defendant in the suit. Judgment by default was entered on the 15th of October 1807; the property was on motion condemned, and a writ of venditioni exponas issued on the 24th, which came into the hands of the sheriff on the 28th of October, who sold the property under it, on the 2d of January 1808. The county of Williamson was divided on the 16th of November 1807, and that part of the land for which this ejectment was brought, lay in the new county called Maury. Held, that the process of execution for the sale of the land, under which it was sold by the sheriff, was a direction to the sheriff to sell the specific property, which was already in his possession, by virtue of the attachment, and was already condemned by the competent tribunal. The subsequent division of the county could not divest his vested interest, or deprive the officer of the power to finish a process which was already begun.

ERROR to the circuit court of the United States for the district of West Tennessee.

An ejectment was brought by the plaintiffs in error to September term 1830, in the circuit court of West Tennessee, for the recovery of a tract of land, which, in the life time of the ancestor of the plaintiffs, had been taken in execution, and sold by the sheriff, to satisfy a debt for which judgment had been obtained in Williamson county, in the state of Tennessee. The suit was commenced by attachment, and the land for which this ejectment was instituted, was attached on the 13th of February 1807, the sheriff having made the following return to the writ of attachment. "Came to hand the 13th of February 1807, about nine o'clock, and levied immediately on an undivided half of three thousand eight hundred and forty acres of land, on both sides of Sugar Creek;" &c., being William Tyrell's right and interest therein.

On the 15th of October 1807, the plaintiff obtained judgment for his debt, and, on motion, the property attached was condemned, and a writ of venditioni exponas was ordered on

the same day. The writ was issued on the 24th of October 1807, and the property was sold on the 2d of January 1808. The def idants in error derived their title under this sale. On the trial of the ejectment in the circuit court, evidence was given which proved, that, at the time the attachment was laid on the land, it was situated in Williamson county; and that on the 16th of November 1807, the legislature of Tennessee passed an act dividing the county of Williamson, and erecting part of the same into a separate county, denominated Maury county; and that a portion of the land in controversy was situated in Maury county, when the same was sold by the sheriff of the county of Williamson.

The counsel for the plaintiffs requested the court to charge, that, whether the said judgment of the court of pleas and quarter sessions of Williamson county was void or not, the sale under it was void as to that part of the land which was situated in the county of Maury at the time of the sale; and that the sale and conveyance of the sheriff of the county of Williamson did not transfer that portion of the land.

The charge of the court was, that neither the judgment nor the proceedings in Williamson county were void, for any thing appearing or not appearing on the face of said judgment and the record thereof.

The court also charged the jury, that, if a portion of the land in controversy was situated in the county of Maury at the time of the sale thereof by the sheriff of Williamson, under the judgment of Molloy's executors, yet that such sale was good, and vested the title in the purchasers, as the land was all situated in Williamson at the time of the levy, where public notice of the sale was given, until within a few days of the sale, and that the sale was good by relation to the levy.

The counsel for the plaintiffs excepted to the charges of the court thus given, and a bill of exceptions was sealed by the court. Judgment having been rendered for the defendants, the plaintiffs prosecuted this writ of error.

The case was argued by Mr Coxe, for the plaintiffs in error; and by Mr Bell, for the defendants.

Mr Coxe, for the plaintiffs, contended, that after the division of the county, by the act of the legislature of Tennessee, in which act there was no savirg clause as to the matter before the court, all the right of the sheriff of Williamson county to sell that part of the land which fell within the county of Maury, terminated.

The sheriff does not take possession of the land against which the process of execution issues, and under a writ of venditioni exponas he sells no more than the right and interest of the defendant in the same. He cannot deliver possession of the property he sells to the purchaser.

This shows that the sheriff has but a naked power to sell the lien of the plaintiff, which he has acquired by his judgment; and that it is co-extensive, and no more, with the limits of the county in which he can exercise the authority of a sheriff. As soon as any part of the property of the defendant is by law separated from the county of which he is the sheriff, all his authority to dispose of the rights over it acquired by the plaintiff in the judgment, are at an end.

By the laws of Tennessee of 1794, a judgment is a lien on all the lands of the defendant in the state, and execution may issue from the court in which the judgment is obtained, to the sheriff of the particular county in which the land of the defendant may be situated. As therefore the lien of the plaintiff in the suit under which the land in controversy in this case was sold was not affected by the division of the county, the plaintiff might have had process of execution to the sheriff of Maury county, and have thus sold the land of the defendant. Instead of this, he employed the original execution. Cited, Bacon's Abr. Execution.

Mr Bell, for the defendants in error, argued, that by the attachment the sheriff of Williamson county became fully invested with such a possession and control over the land attached as authorised him when judgment should be obtained, and process of execution issued, to dispose of it. The attachment issued on the 13th of February 1807, and before the act dividing the county was passed, every thing to complete and

[Tyrell's Heirs v. Rountree and others.]

secure the rights of the plaintiff over the land attached, and to empower the sheriff to dispose of it, was done.

As the sheriff does not deliver possession of the land he sells under an execution, his powers under the process were not affected by the act dividing the county. After the sale, the rights of the purchaser could be enforced in an ejectment, and did not require any further act of the sheriff to complete them. The sheriff is not by the law of Tennessee required to go to the land he takes in execution; and he sells it at such place as he may think proper.

The rights of the plaintiff under the attachment, the judgment and the execution, were fully vested and secured before the act for the division of the county was passed; and those rights could not be affected by the same. He could not be interrupted or delayed in the use and enjoy-ment of those rights; nor could they be postponed. To decide that he must have resorted to new proceedings, would be to say that he could be deprived of the rights thus obtained, by a law passed after they had been acquired and completed. Such a law would impair rights protected by the constitution of the United States, and that of the state of Tennessee.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

In this case the plaintiffs in error contend that the circuit court misdirected the jury; in consequence of which, the verdict ought to be set aside, the judgment reversed, and a venire facias de novo awarded.

They had brought an ejectment for a tract of land, the title to which was shown to have been in their ancestor; but which the defendants claimed under a conveyance thereof made by the sheriff of Williamson county, in West Tennessee, in pursu-ance of a sale made by him under a writ of venditioni exponas, issued on a judgment rendered in a suit commenced by attach-ment.

On the 12th day of February 1807, the attachment was regularly issued, and was levied on the 13th of the same month on the land in controversy. The defendants in the attachment did not appear, or replevy the property, but made

[Tyrell's Heirs v. Rountree and others.]

default; on which judgment was rendered on the 18th of October 1807. . On motion; the property attached was condemned, and a writ of venditioni exponas awarded, which issued on the 24th, and came to the hands of the officer on the 28th of October 1807, who sold on the 2d of January 1808.

The plaintiffs proved that the county of Williamson was divided on the 16th of November 1807, and that part of the land for which the ejectment was brought lay in the new county called Maury. He therefore moved the court to instruct the jury that the sale was void as to that part of the land which was situated in the county of Maury, at the time of the sale; and that the conveyance of the sheriff did not transfer that portion of it.

The court instructed the jury that the sale was good by relation to the levy. To this instruction a bill of exceptions was taken, and the cause is brought up by writ of error.

The counsel for the plaintiffs in error has argued the cause as if the process under which the sale was made had been the usual execution awarded on a judgment rendered against a person brought into court by regular process. Without inquiring whether his objections to the charge would have been well founded, had that been the character of the case, it is sufficient to observe that, in the actual cause, the land itself was attached. Not having been released, it remained in the custody of the officer subject to the judgment of the court. An interest was vested in him for the purposes of that judgment. The judgment did not create a general lien on it, but was a specific appropriation of the property itself to the satisfaction of that particular judgment. The process which issued did not direct the officer to levy it on the property of the defendants, but to sell that specific property which was already in his possession by virtue of the attachment and was already condemned by the judgment of the competent tribunal. The subsequent division of the county could not divest this vested interest, or deprive the officer of the power to finish a process which was rightly begun.

There is no error in the charge, and the judgment is affirmed with costs.