SPRINGS v. PHARR.

(Filed October 28, 1902.)

JUDGMENTS—*Merger—Liens—Homestead—The Code, Sec. 567—Acts 1885, Chap. 359.*

Where a judgment creditor sues on his judgment constituting a lien on the homestead of the debtor and obtains a new judgment, the first judgment is not merged in the second.

ACTION by E. B. Springs, surviving partner of Springs & Burwell, against H. N. Pharr, administrator of W. L. Owens, and W. R. & J. A. Berryhill, trading as Berryhill & Son, heard by Judge W. A. Hoke, at October Term, 1901, of the Superior Court of MECKLENBURG County. From a judgment for Berryhill & Son, the plaintiff appealed.

*Clarkson & Duls,* for the plaintiff.

*Burwell, Walker & Cansler,* for the defendants Berryhill & Son.

CLARK, J. The plaintiff's judgment was docketed 22 December, 1888. The defendants Berryhill & Son obtained their judgment before Justice of the Peace, and docketed

same 19 December, 1888. They obtained a judgment upon
said judgment, and docketed same 2 December, 1895. The
homestead of the defendant in the above judgment had been
laid off 3 December, 1888. Said homesteader having died
since said second judgment, the defendant Pharr, his admin-
istrator, sold the homestead under a decree to make assets,
and the proceeds being insufficient to pay both above-named
judgments, this action is submitted without controversy,
under The Code, Sec. 567. The plaintiff contends that, by
obtaining the second judgment, Berryhill & Son lost the
priority to which their first judgment was entitled, that
there was a merger, and that the Berryhill judgment has
rank only from the date of the second judgment in 1895.

In *Andrews v. Smith,* 9 Wend, 53, Savage, C. J., says:
"The only question in this case is whether a judgment before
a justice, rendered upon a judgment before another justice,
*extinguishes* the judgment first obtained. As to judgments
in courts of record, this question has been settled in the nega-
tive. 1 Johns, 517, and cases there cited; 5 Wend., 129,
222. The general principle of law governing in cases of
this kind, and which applies to all securities, is, that a secu-
rity of a *higher* nature extinguishes *inferior* securities, but
not securities of an *equal* decree." (The italics are in the
original.) To same purport, *Mumford v. Stocker,* 1 Cow.,
178; *Preston v. Parlon,* Cro. Eliz., 817, cited in *Weeks v.
Pearson,* 5 N. H., 324; *Griswold v. Hill,* 2 Paine, 492,
which seem to us sustained by the reason of the thing, as
tersely stated by Savage, C. J., above. The contrary view is
taken in *Purdy v. Doyle,* 1 Paige, 558, and *Gould v. Hay-
den,* 63 Ind., 443. These last have been followed by 17 Am.
and Eng. Enc. (2d Ed.), 808, and 20 *Ibid.,* 600, but the
weight of the authorities (which are very few, the above
embracing all directly in point, except the one below quoted)
and the reason of the thing, as we have said, is the other way.

*Lawton v. Perry,* 40 S. C., 255 (1893), is a case "on all-fours." There, a judgment was obtained in 1867; in 1871, the debtor made a payment thereon; after his death, the creditor not proceeding to revive the judgment (as he could have done) brought instead an action on the former judgment and obtained judgment thereon in 1889; held, that the old judgment of 1867, acknowledged by the payment in 1871 (and therefore not presumed to be paid until 1891) was not so merged in the judgment of 1889 as to deprive the latter judgment of its original lien of 1867 on all the property of the then living judgment debtor." In the present case, the Berryhill judgment, docketed 19 December, 1888, had not lost its lien on the homestead, notwithstanding the lapse of seven years. Laws 1885, Chap. 359; see Clark's Code (3d Ed.), page 677, note. In the above case of *Lawton v. Perry,* 40 S. C., at pages 274, 275, it is said: "Usually it happens that the *cause of action* is so completely absorbed in the judgment that it is not competent longer to consider such cause of action apart from the judgment. This is not universally the case, however. * * * So far as dignity or rank as between the judgments (that of 1867 and 1889), they were the equal, one of the other, for each was a judgment. There was, therefore, no new dignity created. Would it not be a hardship to declare this judgment obtained in 1889 to have destroyed that of 1867? It seems to us that it should fall among the exceptions to the general rule, and not affecting the general rule."

We must concur in this conclusion that a judgment upon a judgment, being of the same dignity, does not fall within the general rule that a *cause of action* is merged in the judgment. Here, by virtue of the Act of 1885, the justice's judgment, when docketed, remained a lien on the homestead after the lapse of ten years, but would lose its validity as to any other property after ten years (*McDonald v. Dickson,*

85 N. C., 248), and could not be sued on after seven years. *Daniel v. Laughlin,* 87 N. C., 433.   Is there any reason why the judgment creditor can only keep it alive and enforcible as to subsequently acquired property outside of the homestead by paying as a penalty the surrender of the priority of lien which he holds (*Jones v. Britton,* 102 N. C., 166, 4 L. R. A., 178) on the homestead under the first judgment?   We know of none, and there is no precedent in this State to that effect. Indeed, our only precedent is in complete accord with what we have said above, and is decisive of this case.

In *McLean v. McLean,* 90 N. C., at pages 531 and 533, Smith, C. J., says: "Assuming that the recovered judgment is but a renewal of the first, the one being the sole cause of action, we see no reason why both may not subsist and remain in force as separate securities for the same debt, with the advantages incident to each retained.   It is not correct to say that one extinguishes the obligation contained in the other, and that the plaintiff's remedy must be sought only in the last.   As soon as one judgment is entered, the plaintiff may take out execution, and at the same time bring another action upon the judgment, as itself a cause of action.   This is clearly involved in the decision, if not directly decided in *Carter v. Colman,* 34 N. C., 274.   It may be that liens on land have been acquired since the rendition of the first and prior to the last recovery; and if so, the plaintiff ought to be at liberty to revive and sue out remedial writs on the oldest."

Affirmed.