[L. A. No. 2903.    Department Two.—August 27, 1912.]

## LILLY–BRACKETT COMPANY (a Corporation), Respondent, v. A. H. SONNEMANN, Appellant.

JUDGMENT RENDERED UPON PREVIOUS JUDGMENT OF ANOTHER STATE—
    FORMER JUDGMENT NOT MERGED.—A judgment obtained in one state
    does not become merged in a judgment based upon it which is ren-
    dered in favor of the judgment creditor in another state. So long
    as the indebtedness evidenced thereby is unsatisfied, successive suits
    in different states may be prosecuted.

ID.—WHEN MERGER OF INDEBTEDNESS TAKES PLACE.—A merger takes place only where a security or indebtedness of an inferior passes into one of a superior degree, and as such judgments are of equal dignity, the former is not merged in the latter.

APPEAL from a judgment of the Superior Court of Riverside County.   F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, and W. R. Millar, for Appellant.

Herbert Cutler Brown, and George H. Moore, for Respondent.

MELVIN, J.—Plaintiff brought suit upon a judgment against defendant obtained in the state of Massachusetts.   Defendant answered alleging that a judgment, based upon the Massachusetts judgment, had been obtained by plaintiff against him and had become final in the state of Washington. The court gave judgment for plaintiff on the pleadings and from it this appeal is taken.

The only question presented is whether or not the judgment rendered in Massachusetts was merged in the judgment based upon it which was given in favor of plaintiff in Washington. This is a new question in California, so far as we are advised, and the authorities in other jurisdictions are in conflict.   Appellant in commending to our attention the authorities favoring the theory of merger says that if the original judgment or "debt of record" is to remain of full vitality in the state in which it was originally obtained and judgments in other states based upon it are also to be enforceable, a debtor may be harassed in various states in which he may own property and prevented from selling it to advantage by the existence of the creditor's judgments.   Respondent's answer is that this hardship may be avoided by the payment of the debt.   (*Ames* v. *Hoy,* 12 Cal. 19.)

In 23 Cyc. at page 1474 the rule is thus stated: "According to the weight of authority, where an existing judgment is sued on as a cause of action, and a new judgment recovered on it, there is no merger of the first judgment, nor is it extinguished without satisfaction of the second."   Lawson in his work on

Rights, Remedies and Practice (vol. 5, p. 2580) says: "No merger takes place where the two securities are of equal degree." The leading case holding the contrary doctrine has been followed in some jurisdictions by the courts and adopted as convincing authority by some text-writers. In 92 Am. St. Rep. at page 778 is a note reviewing the decisions and announcing the better rule to be that a judgment is extinguished when by its use as a cause of action it grows into another judgment. This view is also approved by Mr. Freeman in his work on Judgments (as indicated in the note in 92 Am. St. Rep. cited above), and to the same effect is the text in 15 Am. & Eng. Ency. of Law, p. 336. After stating this doctrine and the authorities for it, the supreme court of Colorado in *Wells* v. *Schuster-Hax Nat. Bank,* 23 Col. 537, [48 Pac. 810], says: "The contrary doctrine is announced in other authorities, and proceeds upon the theory originally given for the rule that merger takes place only where a security, or indebtedness, of an inferior, passes into one of a superior degree. (*Weeks* v. *Pearson,* 5 N. H. 324; *Mumford* v. *Stocker,* 1 Cow. (N. Y.) 178; *Bates* v. *Lyons,* 7 Paige Ch. 85; 2 Black on Judgments, sec. 864; *Hogg* v. *Charlton,* 25 Pa. St. 200; *McLean* v. *McLean,* 90 N. C. 530; *Andrews* v. *Smith,* 9 Wend. (N. Y.) 54.) It is said, however, that the later authorities predicate this doctrine of merger upon the ground that the allowance of a new suit is superfluous and a vexatious encouragement to litigation injurious to the defendant, and of no benefit to the plaintiff. Without further pursuing the inquiry, we content ourselves by saying that it seems more in consonance with principle to base the doctrine upon the reason originally given for its establishment, and that so long as the indebtedness is unsatisfied, successive suits in different states may be prosecuted." In *Armour Bros. Banking Co.* v. *Addington,* 1 Ind. Ter. 304, 37 S. W. 102, this language is used with reference to the same problem as that before us here: "But a second judgment obtained upon the first is of no higher security than the first. Both should stand until the debt which is evidenced by them is fully paid off and satisfied. The first judgment is neither satisfied, merged nor extinguished by a second judgment on the same cause of action, or by an affirmance thereof by a superior court. 'Satisfaction' is a technical term, and in its application to a judgment it means the payment of the money

due on the judgment, which must be entered of record, and nothing but this is a legal satisfaction of the judgment." In *Weeks* v. *Pearson,* 5 N. H. 325, the court said: "The reason why a former recovery for the same cause is a bar to a second action is, that the cause of action has passed *in rem judicatam,* and is determined by the judgment. But this reason does not exist where there has been a recovery in another state in debt upon a judgment rendered here. For one judgment being of as high a nature as another, a judgment in another state cannot extinguish or determine a judgment rendered here." In *Springs* v. *Pharr,* 131 N. C. 193, [92 Am. St. Rep. 775, 42 S. E. 590], the rule was thus phrased: "We must concur in this conclusion that a judgment upon a judgment, being of the same dignity, does not fall within the general rule that a *cause of action* is merged in the judgment." (See, also, *Griswold* v. *Hill,* 11 Fed. Cas. No. 5836; *Mumford* v. *Stocker,* 1 Cow. (N. Y.) 178.) Mr. Bigelow in his note to section 599a of Story on Conflict of Laws says: "It may be inconvenient that two judgments should subsist in the same state against the same person on the same demand; but no such inconvenience can exist in the case of judgments rendered in different states, and there is no sufficient reason for the application of the purely technical doctrine of merger, subversive of substantial justice as it would be in such cases. Indeed in view of the fact that one satisfaction would satisfy both judgments, there is little to be said in favor of the doctrine of merger, reasonable as that doctrine may be in ordinary cases, by a second judgment obtained upon the first even in the same state."

We can add nothing to the reasoning of these cited authorities except to say that in our opinion it is sound, in accordance with justice, and should be adopted in California as establishing a rule that comports with reason.

Judgment affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.