# CHARLESTON

BATTEN, ADM'R. v. LOWTHER *et al.*

Submitted February 18, 1914.   Decided April 21, 1914.

1.  LIMITATION OF ACTIONS—*Suspension—Absence from State—Enforcement of Judgment Liens.*

    If a person, resident in the state at the time a judgment is recovered against him, depart from, and reside out of, the state, the time of his absence may be deducted from the period of limitation in which the creditor is allowed to bring suit to enforce his judgment lien; nor does the debtor's occasional return to the state to visit friends or attend to business start afresh the running of the statute. (p. 168).

2.  JUDGMENT—*Merger—Equity.*

    The rule respecting merger of judgments is not inflexible, and will not be applied by a court of equity, if to do so would produce inequity.   (p. 170).

3.  LIMITATION OF ACTIONS—*Suspension—Absence from State—Enforcement of Judgment.*

    B. obtained a judgment against L., on October 24, 1892, and later sought satisfaction of it in a creditors' suit against L. and obtained satisfaction in part, and a personal decree for the balance on the 26th November, 1894, but before the decree was rendered L. departed from, and resided out of the state for five years and six months, and then returned and thereafter acquired land in this state. *Held:* in a suit brought by B. against L. in January, 1908, to enforce the lien of the decree, that said decree does not merge and destroy the lien of the judgment, and that B. may amend his bill setting up the lien of such original judgment; and is entitled to have the time of L.'s absence from the state deducted from the period of limitation on his right to sue.   (p. 168).

4.  APPEAL AND ERROR—*Presentation Below—Defect of Parties.*

    In a suit to enforce judgment liens, the failure to make a sub-

sequent purchaser from the judgment debtor a party will not be
noticed by this court, if there is nothing in the record to show his
interest in the suit.   (p. 172).

Appeal from Circuit Court, Ritchie County.

Suit by H. C. Batten, administrator of Thomas Batten,
deceased, against Oliver Lowther, to enforce lien of a money
decree, and, defendant dying, the suit was revived against J.
F. Lowther, administrator, and others.   From decree for
plaintiff, defendants appeal.

*Affirmed.*

*Robinson & Prunty,* for appellants.

*Jackson V. Blair,* for appellee.

WILLIAMS, JUDGE:

On January 9, 1908, H. C. Batten, as administrator of
Thomas Batten, deceased, brought this suit against Oliver
Lowther to enforce the lien of a money decree against the
lands of said Oliver Lowther.   Pending the suit Oliver Low-
ther departed this life, and it was revived against his per-
sonal representative, and heirs.   The chancellor decreed in
favor of plaintiff against J. F. Lowther, administrator, the
sum of $1,376.93, payable out of the personal assets belonging
to decedent's estate, and also held it to be a lien upon a tract
of 242 acres of land in Ritchie county, conveyed to said Low-
ther by Robert A. Lowther and others, by deed dated 25th
July, 1905, and upon one-fourth acre lot in the town of Pull-
man in said county, conveyed to him by Okey E. Nutter, by
deed 2nd May, 1905; and referred the cause to a commissioner
to ascertain and report what real estate was acquired and
owned by Oliver Lowther on and after the 26th November,
1894; what disposition, if any, he had made of it, or any part
of it, in his lifetime; who are at present the owners thereof;
the amount of liens thereon, their priorities and by whom
owned; and whether such real estate will, in five years, rent
for enough to discharge the liens.   From the decree the per-
sonal representative and heirs at law of Oliver Lowther, de-
ceased, have appealed.

On the 24th October, 1892, and the 14th March, 1893,

Thomas Batten recovered two judgments against Oliver Low-
ther in the circuit court of Lewis county, and on the 20th
March, 1894, another judgment in the circuit court of Dod-
dridge county, the three aggregating $3,248.30.   In 1894 a
creditors' suit was brought against Oliver Lowther and others
in the circuit court of Doddridge county, by W. S. Chapman,
and Lowther's creditors were convened.   The unpaid portion
of Batten's judgments was ascertained to be $792.29, and a
decree rendered on the 31st March, 1894, for that amount,
which was reduced to $675.96, by sale of property, and on the
26th November, 1894, personal decree was rendered against
said Lowther for that sum.   This suit was originally brought
to enforce the lien of that decree against lands thereafter
acquired by said Lowther.   For the evident purpose of show-
ing that the right to enforce his lien was not barred, plaintiff
averred that, at the time said decree was rendered, Oliver Low-
ther was a citizen and resident of the State of West Virginia,
and shortly thereafter, about the month of August, 1895,
moved to the State of Indiana and resided there with his fam-
ily until about the month of September, 1900, when he re-
moved to Ritchie county, West Virginia.   The answer pleaded
the statute of limitation, and denied that said Lowther ever
ceased to be a citizen of West Virginia, and averred that his
absence from the state was only temporary, and that during
that period he frequently came back to the state of West
Virginia and, on some of his visits, was in the presence of
Thomas Batten, and could have been served with process if
said Batten had so desired.   This last averment is immaterial.
Having become a non-resident, the debtor's temporary visits
to the state did not start afresh the running of the statute.   He
was a minister of the Methodist Protestant Church and fre-
quently changed his place of residence, as changes in his min-
isterial services were required, according to the rules and dis-
cipline of his church.   He was transferred, or "loaned" by the
West Virginia Conference to the Indiana Conference   He re-
sided in the latter state from some time in the summer or fall of
1894, or early spring of 1895, until the fall of 1900, when he
returned to West Virginia.   It is not material to know whether
he acquired citizenship in Indiana, or what was his purpose in
leaving West Virginia.   The statute, Sec. 18, Ch. 104, serial

section 4431, Code 1913, permitting the time that a debtor is out of the state, to be deducted from the period of limitations on actions, applies to persons who thereafter depart from the state and reside elsewhere. Hence, in any aspect of the case, it is important to know whether Mr. Lowther resided out of this state long enough to prevent the bar of the statute; and, in one aspect of it, it is also important to know when he departed from the state. Counsel for defendants insist that it is proven, by the weight of evidence, that he left West Virginia in August, 1894. If this is so, then he was not a resident on the 26th November, 1894, when the decree was rendered and the right to enforce the lien of it accrued, and section 18 does not apply. Witness J. A. Rhoades says that Mr. Lowther became pastor of Rensaleer and Groveman churches in Indiana, in August, 1894; and, speaking from her memory about which she is not certain, Mrs. Dorcas A. Lowther, says he went a trip to Indiana in September, 1894, and came back to West Virginia and returned to Indiana in November of that year. But she is certain that she moved to Indiana on 6th March, 1895, and says that her husband had been there for several months before. So that, it is uncertain, from the evidence, just what time he did depart from the state. If he left before 26th November, 1894, which seems highly probable from the evidence, the running of the statute from that date never ceased, and the lien of the decree is gone. *Lamon* v. *Gold*, 72 W. Va. 618, 79 S. E. 728.

But, to avoid the bar of the statute, plaintiff amended his bill averring a continuous lien from the date of the original judgments, and denying a merger of them in the money decree of November 26, 1894. From October 24, 1892, the date of the earliest of the judgments, to January 10, 1908, the date of instituting this suit, is fifteen years, two months, and sixteen days; and deducting therefrom the space of time that Mr. Lowther is shown by the evidence to have certainly resided out of West Virginia, to-wit, from March 6, 1895, to September 4, 1900, a period of five years, five months, and twenty-eight days, leaves nine years, six months, and twenty-eight days, a period less than the statutory bar.

But counsel for defendants insist that the original judgments were merged and discharged by the personal decree,

and that the bill was improperly amended. The decisions of the country are in conflict as to the rule respecting merger of judgments. But whichever may be the correct rule, as applied by courts of law, judgments will not be treated as merged by a court of equity, if it operates inequitably. "The doctrine of merger is not inflexibly applied in courts of equity. It will not be there applied to destroy the security of a decree as a lien to the defeat of justice." *Turner* v. *Stewart,* 51 W. Va. 495. From 23 Cyc. 1474, we quote: "According to the weight of authority, where an existing judgment is sued on as a cause of action, and a new judgment recovered on it, there is no merger of the first judgment, nor is it extinguished without satisfaction of the second; and the rule is the same where the second judgment is auxilliary or collateral to the first." The following cases harmonize with the text, viz: *Kelley* v. *Hamblin,* 98 Va. 383; *Weeks* v. *Pearson,* 5 N. H. 324; *Jackson* v. *Shaffer,* 11 Johns. 513; *Mumford* v. *Stocker,* 1 Cow. (N. Y.) 178; *Townsend* v. *Whitney,* 75 N. Y. 425; *Hay* v. *Alexandra &c. R. Co.* 20 Fed. 15; *McLean* v. *McLean,* 90 N. C. 530; *Price* v. *Higgins,* 1 Litt. (Ky.) 274; *Lawton* v. *Perry,* 40 S. C. 255; and *Springs* v. *Pharr,* 131 N. C. 191, 92 Am. St. Rep. 775. In the case last cited it was held: "If a judgment creditor brings an action on his judgment constituting a lien on a debtors homestead, and obtains a new judgment, the first judgment is not merged in the second so as to destroy the priority of the first." But, as before stated, the rule is not uniform. There is much respectable authority for the opposite view. Mr. Freeman, in a note appended to the case last cited, in 92 Am. St. Rep. 778, asserts the latter view to be the true rule, and has collected many authorities on the question, both pro and con.

The rights of intervening creditors of, or purchasers from, Oliver Lowther, deceased, are not here involved, and it would be inequitable to hold that there is a merger, as between the creditor and debtor or their personal representatives, for the purpose of preventing a defense to the bar of the statute.

It follows that the demurrer was properly overruled. The amended bill did not present a different cause of action from the original bill. Plaintiff was seeking satisfaction of his

debt, evidenced both by the decree and the original judgments on which it was founded.

E. J. Chapman admits in his answer that there is due from him to the Lowther estate, on account of his purchase of the 132½ acres, part of the 242 acre tract mentioned in the bill, $1,975. This is more than the Batten lien and protects Chapman's purchase.

It is urged that the decree should be reversed for failure to make Z. Z. Amos, a subsequent purchaser from Oliver Lowther, a party. There is nothing in the pleadings or proof calling the chancellor's attention to the necessity of making him a party. Advantage can not, therefore, be taken in this court of the failure to make him a party.

Finding no error, we affirm the decree.

*Affirmed.*