## DAVIES v. DAVIES et al.

No. 5663.  Decided May 2, 1936.  (57 P. [2d] 355.)

*Rawlings & Wallace,* of Salt Lake City, for appellant.

*Irvine, Skeen & Thurman,* of Salt Lake City, for respondents.

FOLLAND, Justice.

This is a suit to foreclose a mortgage on a tract of real estate in Salt Lake county. Florence E. Davies, Lillian Taylor, and Charles E. Adams are sisters and brother. Frederick W. Davies, the plaintiff, is the husband of defendant Florence E. Davies. Wilma Adams is the wife of Charles E. Adams. The mortgaged property is the old Adams homestead which had been owned by the father of the sisters and brother, and on his death went to his widow, their stepmother. The children bought the property from the stepmother in 1926 mortgaging it to raise money for the purchase. It is a tract of approximately 4½ acres on which is located an old house, a cellar, and barn. In the spring of 1927, the premises were occupied by a Mrs. Cushing at a rental of $15 per month. The rents had been collected by Mrs. Davies and the moneys used for taxes, interest, and other expenses. At a family council, it was decided to raise

the rent to $20 per month. Either because of the raise in rental or because requested to vacate, Mrs. Cushing left the premises. In May the Davieses with three children and Adamses with one child moved into the premises on a community basis, each to pay one-half the rental, the Adamses two-fifths and the Davieses three-fifths of the grocery bills. This utopian arrangement lasted only four months when, after a quarrel, the Adams family moved away leaving the Davieses in possession. No rental as such has been paid by the Davieses, but they paid the taxes, interest, water assessments, made repairs on the house, and paid small sums to Mrs. Taylor and Mr. Adams. The mortgage became due November 1, 1932. Plaintiff paid the mortgage and took an assignment of the note and mortgage to himself. The suit of foreclosure was commenced in February of 1933. The defendants Lillian Taylor, Charles E. Adams, and Wilma Adams answered and cross-complained, alleging an agreement on the part of plaintiff and his wife to use and occupy the premises and to pay a monthly rental of $20 per month, and praying that the rents now accumulated be applied on the mortgage after deduction of such sums as had been paid by the Davieses, and that the mortgage be discharged and they be given judgment for the balance due for rental. After trial, the court found that plaintiff had agreed to pay as rental the sum of $15 per month, charged him with the accumulated rentals with interest from date when due, and against this sum gave him credit for certain interest payments, taxes, water assessments, and other expenses shown to have been paid by him or his wife, with interest on some of the items but not all. On striking a balance, the court found the mortgage debt to have been fully paid and the plaintiff owing the defendants the sum of $140.09. Judgment was entered accordingly for that sum in favor of the defendants, the mortgage canceled, and title to the property quieted in Florence E. Davies, Lillian Taylor, and Charles E. Adams as joint owners. Plaintiff appeals and assigns many errors. These may be grouped and dis-

cussed under two heads: (1) Is there sufficient evidence to support the finding of an agreement to pay $15 per month rental? and (2) Did plaintiff receive credit for all sums shown to have been paid by him?

Appellant vigorously contends that the finding that he agreed to pay $15 per month rental is not supported by any evidence. He does not contend there was no agreement to pay, but only that he did not agree to pay the sum of $15 per month. On this issue, as well as many others, the testimony is in conflict. Lillian Taylor testified that at a family conference, attended by the Adamses, the Davieses, and herself, it was agreed by Davies that he would move into the premises and pay the same rental as had been paid by Mrs. Cushing, which sum she fixed at $20 per month; that the occupancy by the Davieses and Adamses was later arranged between themselves without her knowledge until after it was an accomplished fact. There is no dispute that Mrs. Cushing had paid $15 per month until the rent was raised. It is not shown whether she actually paid the $20 per month or moved before that rental became effective. The Adamses testified to the $20 per month rental to be paid by each of the Adamses and Davieses in proportion of $10. The Davieses testified they moved into the place on the agreement of occupancy jointly with the Adamses and to pay $15 per month total, or $7.50 per month each family. In other words, the plaintiff testified he agreed to pay $7.50 per month for the joint use of the premises with the Adams family. After a joint occupancy of less than four months, the parties quarreled. The discussion between them as to rental was stated in substance by Mrs. Adams that Davies said to her, "We will go and you can stay if you will pay the taxes and interest and upkeep," and that she replied, "No, thank you." Davies' version was, "I told them if they did the same as I did that would satisfy me. Q. Pay interest, insurance, taxes, water assessments and upkeep on the place, they could have the place? A. Yes sir." Immediately following this quarrel and discussion, the Adams family left

the place in September of 1927, and the Davieses remained in exclusive possession. Appellant's contention is that he agreed to pay only $7.50 per month and that is all he should now be required to pay, and, as an alternative, based on the conversation with Davies, that he should pay taxes, interest, and other expenses of upkeep. The evidence amply supports an agreement on the part of appellant to occupy the premises and pay rent. As to the amount of rent, the evidence is in dispute and very confusing. The court had to choose one of three or four alternatives in making his finding. Either an agreement to pay $20 per month, or $15 per month, or $7.50 per month, or the amount of insurance, interest, taxes, and other upkeep expenses. There is no doubt appellant could be held, by his own testimony, for $7.50 per month based on an agreement to jointly occupy the place. If the court believed Lillian Taylor's testimony, appellant could be held to pay $20 per month for exclusive possession. Evidence of reasonable rental value was admitted by the court to aid in determining what the agreement actually was. Appellant's witnesses testified that $10 or $11 per month was a reasonable rental, and respondents' witnesses testified $200 to $250 per year. We are unable to arrive at any better or more accurate result out of this welter of confusion than that reached by the trial court, namely, that the agreement was to pay $15 per month. The court's finding in that respect will be sustained.

The court gave credit for payment of interest on the mortgage after May 1, 1930, but excluded any credit for interest prior thereto. The record discloses that both appellant and Lillian Taylor testified that Davies paid all the interest as it accrued on and after May 1, 1927. He, therefore, is entitled to credit for all interest payments from and after that date including that accruing between May 1, 1927, and May 1, 1930, with interest thereon at eight per cent. per annum from date of payment. We are unable to find evidence which would support any other change or correction in the court's findings.

The judgment as rendered must be set aside and the cause remanded to the trial court for correction as above indicated. When the computation is made the balance will be in appellant's favor for a small sum. A reasonable attorney's fee should be allowed appellant and decree of foreclosure entered. Such is the order. Costs on appeal to appellant.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.