## ADAMS et al v. DAVIES et al.

No. 6777.  Decided February 19, 1945.  (156 P. 2d 207.)

See 33 C. J. S. Judgment, Sec. 1.  30 Am. Jur. 207.

*Irvine, Skeen & Thurman,* of Salt Lake City, for appellants.

*Fabian, Clendenin, Moffat & Mabey,* of Salt Lake City, for respondents.

LARSON, Chief Justice.

While the factual situation involved is rather complex, there is but one question presented on this appeal.

In February, 1933, Charles Adams, and Lillian Taylor, plaintiffs, and Florence Davies, brother and sisters, were owners, as tenants in common of the lands involved in this action, subject to a mortgage held by defendant Frederick W. Davies, husband of Florence. The Davieses were occupying the premises as tenants. In February of that year Davies brought suit, designated as No. 51032, against the aforementioned owners, to foreclose his mortgage. Adams and Taylor answered and counterclaimed against Davies for rent in arrears sufficient to more than offset the mortgage note. The action was tried in 1934, and appeal was taken to this court. The opinion of this court in May 1936 (*Davies* v. *Davies*, 89 Utah 257, 57 P. 2d 355) remanded the cause to the trial court with directions, the effect of which was to enter a judgment for plaintiff with decree of foreclosure. In 1937, before such judgment was entered, plaintiffs herein commenced an action in the District Court, denominated as No. 60470, to recover a judgment for $550 for rental of the premises since the date of the trial of the foreclosure action in the District Court in 1934, and set the same off against the mortgage judgment, and to restrain Davies from taking further proceedings in case No. 51032, the foreclosure suit until determination of this second suit, No. 60470. To this action for rent Davies counterclaimed for taxes paid and improvements made on the property in excess of any amount they may be found to owe as rental. On August 22, 1938, the District Court pursuant to the opinion of this court in the foreclosure action (No. 51032) determined the matter therein and entered a decree in favor of Davies, the mortgagee, for $802.23, and entered decree of foreclosure, and issued an order of sale. The pleading in the rental suit, No. 60470, was subsequently amended to bring the issues of rents versus improvements and taxes up to date of trial

in September 1940. In the pleadings no issue was raised as to the legality of the foreclosure judgment; no plea was made to renew the judgment; there was no prayer for another judgment in lieu of, or based upon the foreclosure judgment; it was not an issue raised or to be adjudicated in the action. Plaintiffs themselves pleaded that Davies had a judgment for foreclosure of mortgage and sale of the land, and asked that sale be forestalled pending determination of the amount Davies owed for rent, and that such amount be offset as a payment on the foreclosure judgment before sale be had thereunder. Davies put in issue his liability for rent, and a counterclaim for improvements made and taxes paid. No issue was made in the foreclosure, so any judgment entered therein could not affect the existence or validity of a judgment in foreclosure, except by a finding of an amount due from Davies over all his other claims sufficient to satisfy the mortgage judgment in full. In October 1940, the trial court entered judgment in the rent action No. 60470. In entering that judgment the court made a Finding of Fact that Davies had a judgment for $802.23, in the mortgage suit, No. 51032, and was entitled to a foreclosure and sale of the premises, under the judgment. It also made Findings of Fact to the effect that Davies owed plaintiffs in the rent action No. 60470, the sum of $1527.99, as rent on the mortgaged premises, but was entitled to an offset for improvements and taxes in the sum of $1957.14. It entered Conclusions of Law to the effect that Davies was entitled to an order of sale and sale of the lands under his mortgage foreclosure judgment, cause No. 51032; and also to a judgment in the rent action No. 60470, for $429.15, which was a lien on the property. Judgment was entered for $1231.38, being the sum of both the foreclosure judgment and the judgment in the rent action, which judgment was declared a lien on the property. In May, 1941, the property was sold under the foreclosure decree and bought in by Davies for the mortgage judgment and costs. In April, 1942, the present action, denominated No. 68158, was commenced to recover rental

on the premises from an unfixed beginning date until the time of filing the action, and for partition of the property. No reference was made in the complaint to any prior judgment. Davies' answer pleaded title and ownership by virtue of a sheriff's deed issued under a mortgage foreclosure judgment against plaintiffs. In reply by way of denying Davies' title, plaintiffs alleged the fact of the foreclosure judgment, also prosecution of the rental action No. 60470, and the judgment therein, and asserted that the foreclosure judgment was merged in the rental judgment and thereby extinguished. Upon trial of this action, the pleadings, findings of fact, conclusions of law and judgment in No. 60470 were by stipulation put in evidence. Plaintiffs herein contended that because what is called a decree, but in reality is a judgment in the rent action included the amount of the foreclosure judgment, such judgment was merged in the judgment in the rent action, and was extinguished, and Davies lost his rights thereunder. This results, so plaintiffs contend, in the sheriff's deed on foreclosure sale being void because the judgment under which the sale might be held had then been merged in another and later judgment for money only. In the instant case the trial court specifically found that the two judgments were not merged and gave judgment that Frederick W. Davies, was the sole and absolute owner of the property in dispute. Plaintiffs appeal.

Thus there is presented the single question—did the foreclosure judgment merge with the judgment in the rent action?

A judgment or decree duly entered, establishes in the most authentic form, that which had theretofore been in dispute, or unsettled or uncertain. It resolves the differences and decides the disputes between the parties, and makes the most conclusive and enduring record thereof. This record concludes the matter and fixes the rights and liabilities of the parties as to the matters submitted to the court for decision. All previous claims

are resolved in this determination and are said to merge or unify in this new, definite, certain and positive pronouncement and record of rights of the parties. Since the parties submitted to the court the resolution of their disputes and the determination of their rights and liabilities, that resolution when entered as a judgment conclusively binds them. Such questions may not again be litigated; they have been adjudicated for all time, and are fused into the judgment or decree. As the English court said in *Biddleson* v. *Whitel*, 1 W. Black. 507, they "are drowned in the judgment" and are thereafter functus officio. This doctrine is founded upon a desire to promote justice, and should be carried no further than the ends of justice require. *Wyoming Bldg. & Loan Ass'n* v. *Mills Const. Co.*, 38 Wyo. 515, 269 P. 45, 60 A. L. R. 418. Judgments take the place of the cause of action, and are the only admissible criterion of its existence, scope and effect. A number of reasons have been assigned for this rule. The early decisions generally said that a superior right covers an inferior right, and that a judgment is a higher right or security than the cause of action upon which it is founded. See Annotation, 8 Ann. Cas. 314. Other courts have placed it upon the ground that the assertion before the law of both the original cause of action and of the judgment thereon would be vexatious to one party, no benefit to the other, and an encouragement to litigation. *Gray* v. *Richdmond Bicycle Co.*, 167 N. Y. 348, 60 N. E. 663, 82 Ann. St. R. 720; *Rockwell* v. *District Ct.*, 17 Colo. 118, 29 P. 454, 31 Am. St. Rep. 265. It has also been sustained upon the ground that the party seeking the judgment must have intended and elected to change the nature of his claim to a judgment, and is therefore bound thereby. *Clark* v. *Glos*, 180 Ill. 556, 54 N. E. 631, 72 Am. St. Rep. 223; *Heckemann* v. *Young*, 134 N. Y. 170, 31 N. E. 513, 30 Am. St. Rep. 655. More recently it has been largely supported on the ground that public policy does not tolerate the practice that a matter once adjudicated should again

be the subject of judical inquiry. *Southern Pac. R. Co.* v. *United States,* 168 U. S. 1, 18 S. Ct. 18, 42 L. Ed. 355; *Huntley* v. *Holt,* 59 Conn. 102, 22 A. 34, 21 Am. St. Rep. 71; *La Rue* v. *Kempf,* 186 Mo. App. 57, 171 S. W. 588; *Sly* v. *Hunt,* 159 Mass. 151, 34 N. E. 187, 21 L. R. A. 680, 38 Am. St. Rep. 403; Freeman on Judgments, 5th Ed. Vol. II, 1318.

With this as the basis upon which the doctrine of merger is bedded, does the instant case meet the requirements for merging one judgment into another? The cases are in conflict, but the majority of jurisdictions hold that a judgment is not extinguished, when being used as a cause of action, it grows into another judgment of equal degree. *Griswold* v. *Hill,* C. C. N. Y., Fed. Cas. No. 5,836, 2 Paine 492; *Lilly-Bracket Co.* v. *Sonneman,* 163 Cal. 632, 126 P. 483, Ann. Cas. 1914A, 364 and note, 42 L. R. A., N. S., 360, and note. In *Springs* v. *Pharr,* 131 N. C. 191, 42 S. E. 590, 92 Am. St. Rep. 775, suit was brought upon a judgment. The court held that the judgment sued upon was not merged in the final resulting judgment. This is upon the theory that the doctrine of merger is based upon an absorption of a lesser security by a greater security, and since two judgments are of equal security, value or dignity, there can be no merger of one in the other. In re Wiley's Estate, 138 Cal. 301, 71 P. 441, lays down the same rule, citing as authority therefor, *Morton* v. *Adams,* 124 Cal. 229, 56 P. 1038, 71 Am. St. Rep. 53. The Adams case, supra, lays down the rule that when a claim based upon judgment is presented to, and allowed by the administrator of an estate, the judgment is not thereby merged in the claim and the lien of judgment lost. Citing to the same effect, *Hardin* v. *Melton,* 28 S. C. 38, 4 S. E. 805, and 9 S. E. 423. Upon the same theory it was held in *Lilly-Bracket Co.* v. *Sonneman,* supra, that where a judgment recovered in one state is sued upon in another state, the first judgment is not merged in the latter one. See also note, Ann. Cas. 1914A, 336, setting out cases going both ways on the question as to whether there is merger when judgment is

sued upon and another judgment rendered. The weight of authority is with the cited cases—to the effect that there is no merger.

In *State* v. *Citizens' State Bank*, 115 Neb. 593, 214 N. W. 6, 9, the court said:

"The doctrine [of merger] will be applied only when the ends of justice will be thereby subserved." (Bracket added.)

The court in that case refused to apply the merger doctrine because a bank depositor would thereby be deprived of the protection of a guaranty fund.

In *Rush* v. *Dickenson County Bank*, 128 Va. 114, 104 S. E. 700, 702, plaintiff bank originally brought suit to enforce payment of judgments held against defendant. It appeared that there were other judgments also liens against defendant's real property. When it was found that defendant's property would rent for enough to pay the bank judgments, the other judgment creditors agreed to waive their rights for the time being, and the property was put up for rent. Defendant rented it himself, signing notes for the rental. When these notes were not paid, judgment was taken thereon, and defendant then contended that the original judgment must be merged in this later judgment in favor of plaintiff bank. The court said:

"* * * There is no more reason for saying that the new notes and judgments thereon in this case effected a merger and satisfaction of the original judgment than there would be if some stranger, instead of Rush, had rented the property and given the notes. The doctrine of merger is not inflexibly applied in courts of equity, and will not be permitted to destroy the security of a decree as a lien, when such a result is not in keeping with the ends of justice." (Citing cases.)

Quoting from 40 C. J. 649, the court in *Pacific States Savings & Loan Co.* v. *Strobeck*, 139 Cal. App. 427, 33 P. 2d 1063, 1066, said:

"Merger generally is defined * * * as the 'absorption of a thing of less importance by a greater whereby the lesser ceases

to exist but the greater is not increased.' \* \* \* it is also the law that merger is largely a question of intention and to a great extent depending on the circumstances surrounding each particular case and that the courts will always presume against it whenever it will operate to the disadvantage of a party."

*Cobbey* v. *Peterson,* 89 Colo. 350, 3 P. 2d 298, 299, is a suit by the guarantor against the maker of the note, after payment of the judgment thereon by the guarantor. Maker's defense was that since the note was reduced to judgment, and that judgment satisfied, there was a merger of the cause of action in the judgment, so that there could be no further suit on the note. The court said:

"The rule is, however, that where the ends of justice require the judgment does not annihilate the debt, and that the doctrine of merger will be carried no further than the ends of justice demand."

In *Batten* v. *Lowther,* 74 W. Va. 167, 81 S. E. 821, 823, where to apply the doctrine of merger would be to allow the debtor to defend on the statute of limitations, the court said:

"It will not be there applied to destroy the security of a decree as a lien to the defeat of justice."

It was also said there that the first judgment would not be extinguished unless actually satisfied. To summarize the rules applied to the merger doctrine: the lesser security is absorbed by the greater security, as the cause of action by the judgment; the rule of merger is not inflexible and will be applied only when the ends of justice require; when such result is not in keeping with justice, the merger doctrine will not be allowed to impair the security of judgments as liens; merger is the absorption of a thing of less importance by a greater whereby the lesser ceases to exist but the greater is not increased; as to whether there is a merger may depend to a great extent upon intention and the circumstances of each particular case—the first judgment being a right and property of the creditor, it

cannot be merged in a second judgment against his will or over his objection, in the absence of strong equitable reasons therefor; since judgments are of equal dignity, a later judgment generally does not absorb a prior judgment. Let us apply these principles to the facts in the present case.

The doctrine of merger as sought to be applied in this case would result in destroying the lien of the mortgage and first judgment, and might defeat the creditor's priority. Such situation has been almost uniformly met by one of two methods: a denial of the merger because it would have such effect, which equity will not permit; or by holding that the new judgment preserves the lien and its priority even if the judgments be considered as merged. On sale, the conveyance relates to the time the lien first attached and transfers all the interests of the judgment debtor as of that time. *Tyrell's Heirs* v. *Roundtree*, 7 Pet. 464, 8 L. Ed. 749; *McClellan* v. *Solomon*, 23 Fla. 437, 2 So. 825, 11 Am. St. Rep. 381; *Hill* v. *Baker*, 32 Iowa 302, 7 Am. Rep. 193; *Harvey* v. *Godding*, 77 Neb. 289, 109 N. W. 220, 124 Am. St. Rep. 841; *Hogue* v. *Corbit*, 156 Ill. 540, 41 N. E. 219, 47 Am. St. Rep. 232; *Dudley* v. *Chicago, M. & St. P. R. Co.*, 58 W. Va. 604, 52 S. E. 718, 3 L. R. A., N. S., 1135, 112 Am. St. Rep. 1027. In determining whether the judgment should be treated as an old debt in a new form or as a new debt, it is always permissible and proper to look behind the judgment itself. The court will not inquire into the facts behind the first judgment, but such inquiry may be prosecuted for any purpose consistent with the judgment, and is frequently necessary to its interpretation. If the prevailing party was entitled to certain privileges or advantages under his cause of action or first judgment as the case may be, he will generally be entitled to the same advantages under his new judgment. *Brownsville Taxing-Dist.* v. *Loague*, 129 U. S. 493, 9 S. Ct. 327, 32 L. Ed. 780; *Woehrle* v. *Canclini*, 158 Cal. 107, 109 P. 888; *Milbourn* v. *State*, 168 Okl. 168, 32 P. 2d 291. The doctrine will not be permitted to destroy the security of a decree as

a lien. *Rush* v. *Dickenson County Bank,* supra; *Turner* v. *Stewart,* 51 W. Va. 493, 41 S. E. 924, and where it would be inequitable to do so a court wil not treat a judgment as merged in a subsequent judgment based thereon. *Batten* v. *Lowther,* supra.

If plaintiffs' position is upheld a lesser security would absorb a greater security. Davies would be put in a less favorable position, not by his act, but by the act of the debtor, and against his will. A valid and secured judgment would, by act of the debtor, be extinguished without payment. The general rule is that a lien of a character given by common law or a statute, securing a debt which becomes merged in a judgment, is not affected by such merger and continues until the debt is satisfied. *Bank of Metropolis* v. *Guttschlick,* 14 Pet. 19, 10 L. Ed. 335; *Green* v. *Bass,* 83 Ohio St. 378, 94 N. E. 742, Ann. Cas. 1912A, 828; *Rossiter* v. *Merriman,* 80 Kan. 739, 104 P. 858, 24 L. R. A., N. S., 1095; *Erickson* v. *Russ,* 21 N. D. 208, 129 N. W. 1025, 32 L. R. A., N. S., 1072; 30 Am. Jur. 907; Freeman on Judgments, (5th Ed.) Vol. II, par. 580.

In order for a cause of action or a judgment to be merged in a judgment, it must be set up as a cause of action, or as the basis for a judgment. Only that which forms the basis for a judgment can be merged therein. Only that which is litigated in the action and becomes res adjudicata as determined by the judgment can be said to be merged therein. Under the merger doctrine the cause of action changes its nature when reduced to judgment; ceases to exist as an independent liability, and is transferred into obligations created by the judgment thereon. *Moore* v. *Justices of Mun. Ct. of Boston,* 291 Mass. 504, 197 N. E. 487. As shown in the factual recital, supra, the foreclosure judgment No. 51032, was not involved as an issue in the rent action (No. 60470) ; no judgment was asked thereon; no effort made to renew it or base another judgment thereon, and no adjudication with respect to the right it represented was sought. Davies, holder of the

judgment did not project it into the litigation, and plaintiffs in their complaint, or cause of action only referred to it for the purpose of setting off as a payment on the foreclosure judgment any sums found due them from rent. They thus recognized and pleaded, in effect, the continuing force and effect of the foreclosure judgment until it was paid in full. It would not therefore be merged in the judgment in the rent action No. 60470.

This is further evidenced when we look at the Findings of Fact and Conclusions of Law upon which the judgment in the rent action is founded, to interpret its effect. Those findings and conclusions clearly reveal that the foreclosure judgment, with its right of sale thereunder, was expressly maintained as a separate judgment independent of the judgment in No. 60470, the rent action. No appeal was taken therefrom.

It follows that the judgment appealed from should be, and the same is affirmed. Costs to respondents.

McDONOUGH, TURNER, WADE, and WOLFE, JJ., concur.