215 P.2d 355

**TINDALL, v. BRYAN,**

No. 5207.

Supreme Court of New Mexico.

Feb. 11, 1950.

See also 215 P.2d 354.

Krehbiel & Stevens, Clayton, for appellant.

Crampton & Robertson, Raton, Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, Tex., for appellee.

SADLER, Justice.

We are asked to decide whether the mortgagee of certain cattle in Texas under a chattel mortgage there executed by residents of the state, the lien of which was foreclosed and sale ordered with personal judgment as well taken against mortgagor for the full amount found due, may subsequently maintain replevin in New Mexico for certain of the cattle unlawfully removed from Texas into New Mexico following the execution of the mortgage but prior to institution of the foreclosure proceedings.

The facts found will now be summarized. T. W. Bryan and Ira Bryan are husband and wife and have been residents of Texas since their marriage in 1928. On or about December 18, 1945, T. W. Bryan as head of the community mortgaged to J. M. Tindall, the plaintiff, certain described cattle, which comprised a part of the community estate, by far the greater number of which were cows, to secure payment of the sum of $7,692.23, evidenced by a note maturing November 1, 1946. Default having occurred in payment of the note, foreclosure of the mortgage lien was had with order of sale in the district court of Wheeler County, Texas, and on February 24, 1947, judgment was rendered in plaintiff's favor for the sum of $5,193.81, as the amount unpaid on the note and mortgage.

In the meantime, on some date following execution of the chattel mortgage mentioned and institution of the suit to foreclose the same, mortgagor T. W. Bryan, or Ira Bryan, his wife, with his consent, removed to New Mexico from Texas the cattle which subsequently became the subject of replevin in the action out of which this appeal arose. The mortgagee, Tindall, plaintiff herein and in the foreclosure suit as well, neither knew of, nor consented to such removal. Accordingly, having learned of the removal and their whereabouts in Union County, New Mexico, in the possession of G. C. Bryan, a brother of T. W. Bryan, holding them as agent for the latter, the plaintiff made demand for the possession of the cattle. The demand being refused, complaint in replevin was filed in the district court of Union County, New Mexico, and the writ served upon G. C. Bryan, the brother, by taking from his possession and delivering into plaintiff's possession 12 cows, 10 heifer and steer calves and 1 registered bull, all covered by the chattel mortgage hereinabove mentioned. The right of the husband under the laws of Texas to mortgage community chattels without the joinder of the wife is not questioned.

At the time the action in replevin was commenced there was unpaid $5,193.81 of the indebtedness secured by the chattel mortgage, all of which remained due at the time of the trial except the sum of $1,695.50, realized from a sale of the cattle replevied. Under the terms of the chattel mortgage, default in payment of the mortgage indebtedness or removal of the mortgaged cattle from Texas to New Mexico without the consent of mortgagee gave the latter the right of immediate possession.

Although plaintiff joined as defendants in the replevin action T. W. Bryan, the husband of Ira Bryan, and G. C. Bryan, his brother, neither the husband nor his brother appeared below leaving Ira Bryan, the wife, the sole appellant here. The answer of Ira Bryan consisted largely of a general denial although she did put in the affirmative defense that, having sued in foreclosure in Texas and had judgment there, both foreclosure and money judgment as well, for full amount due under the mortgage, the lien of the mortgage was merged in the judgment, leaving the plaintiff's only recourse a suit on the money judgment in the courts of New Mexico. Following trial before the court without a jury, in which the facts were found as above related, judgment was rendered in plaintiff's favor for the cattle taken in replevin and for his costs. This appeal followed.

Counsel for defendant assign eight separate errors, expanded in argument to twelve points. In final analysis, they reduce themselves to the single claim that the trial court erred in rendering judgment for plaintiff because:

(a) The chattel mortgage was merged in the judgment of foreclosure rendered by the Texas court; and

(b) The judgment of the Texas court may not be enforced against cattle located in New Mexico.

It is the contention of defendant that when the plaintiff as mortgagee took judgment in foreclosure in Texas, with personal judgment for the full amount of the mortgage indebtedness, his mortgage and the lien thereof were "swallowed up" in the judgment so rendered. Hence, none of the terms of the mortgage could be relied on as giving plaintiff the right to possession of the cattle described therein. It is to be recalled, as appears from a reading of the mortgage, under its terms default in payment of the debt secured entitled plaintiff to the immediate possession of the mortgaged cattle. Furthermore, removal of the cattle outside Wheeler County, Texas (as for instance to New Mexico), reposed in plaintiff the same right to immediate possession, not only by terms of the mortgage but by the laws of Texas as well, as the trial court properly concluded. It is thus seen that it would be greatly to the defendant's advantage to eliminate the mortgage from consideration

 The doctrine of merger is well recognized and generally applies to all causes of action, whether ex contractu or ex delicto, but it will not be carried any further than the ends of justice require. Speaking on this subject author of the text on "Judgments" in 50 C.J.S., § 599, page 23, states: "The judgment only changes the form of action for recovery. The incident of the old debt may be carried forward to prevent the inequitable destruction of a right, privilege, or exemption. The creditor is not deprived by the judgment of his right to resort to a fund, or to avail himself of a lien or security held for the debt." See, also, 2 Freeman on Judgments, 5th Ed., §§ 585–586 and Restatement of the Law, Judgments, 184, Comment d.

Decisions of our own and other courts support the doctrine as stated in the text quoted, supra. Flint v. Kimbrough, 45 N.M. 342, 115 P.2d 84; Adams v. Davies, 107 Utah 579, 156 P.2d 207, 158 A.L.R. 852; Farmers Royalty Holding Co. v. Kulow, Tex.Civ.App., 186 S.W.2d 318, affirmed Kulow v. Farmers Royalty Holding Co., 144 Tex. 312, 190 S.W.2d 60; Carit v. Williams, 74 Cal. 183, 15 P. 751; Evansville Gas Light Co. v. State, 73 Ind. 219, 38 Am. Rep. 129, with case note; Second National Bank v. Townsend, 114 Ind. 534, 17 N.E. 116; Turner v. Stewart, 51 W.Va. 493, 41 S.E. 924.

 In Flint v. Kimbrough, supra, we quoted approvingly from Freeman on Judgments, 5th Ed., § 582, as follows [45 N.M. 342, 115 P.2d 89]: "A mere judgment or decree of foreclosure does not merge the

mortgage debt so as to impair the lien of the mortgage; but such a decree followed by a sale discharges the lien, unless the sale is legally ineffective."

In Restatement of the Law, Judgments, supra, the author states: "d. *Incidents of cause of action preserved.* Although by the judgment the original cause of action is extinguished and a new cause of action is created, advantages to which the plaintiff was entitled with respect to the original cause of action may not be destroyed by the judgment. Thus, if a creditor has a lien upon property of the debtor and obtains a judgment against him, he does not thereby lose the benefit of the lien. Similarly, where by statute an employee is given priority as to a claim for personal injuries in an equity receivership of a railroad, such priority is not lost because of the fact that the employee has obtained judgment against the railroad."

 Having demonstrated that the mortgage is not merged in the Texas judgment, we have then to consider whether under its terms a right of replevin existed in plaintiff, as mortgagee, to recover possession of the cattle surreptitiously brought to New Mexico from Texas following their mortgage to him in the latter state. Of this there can be not the slightest doubt. The right to their possession was expressly conferred by the mortgage, either upon default in payment of the debt secured, or upon removal of the cattle from the county in Texas where they were when mortgaged. Both of the conditions entitling plaintiff to possession had transpired. If some one had given plaintiff a bill of sale to the cattle in Texas and then without the latter's consent had brought them into New Mexico, who could doubt plaintiff's right, upon discovering their whereabouts here, to take them in replevin? The right so to do under the language of the chattel mortgage in question is no less plain and positive. Thus reclaimed as they were, the cattle were returned to Texas and subjected to the mortgage through sale and the proceeds applied on the mortgage indebtedness.

Any holding contrary to that announced would make New Mexico a hiding place for cattle surreptitiously removed from border states to escape the lien of mortgages there given to secure loans. Cf. Hart v. Oliver Farm Equipment Sales Co., 37 N.M. 267, 21 P.2d 96, 87 A.L.R. 962.

 The defendant also challenges validity of the Texas judgment, both because not herself a party to it and also because it created no lien on the cattle mortgaged enforceable in New Mexico. It is a sufficient answer to the latter contention to say that no effort is made to enforce the Texas judgment against cattle in New Mexico. The mortgage is enforced against the cattle after plaintiff recovers possession of them and takes them back to Texas.

Nor was it necessary, either in Texas or New Mexico, to join the wife as a party defendant to the suit to foreclose a chattel mortgage on community cattle executed by the husband alone. Jergens v. Schiele, 61 Tex. 255; Texas Building and Mortgage Co. v. Rosenbaum, Tex.Civ.App., 159 S.W. 2d 554, affirmed by Supreme Court, Rosenbaum v. Texas Building and Mortgage Co., 140 Tex. 325, 167 S.W.2d 506; Levy v. Kalabich, 35 N.M. 282, 295 P. 296.

Finding no error, the judgment of the district court will be affirmed.

It is so ordered.

BRICE, C. J., and LUJAN, McGHEE and COMPTON, JJ., concur.